IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: _____

MICHAEL KEELER,

       Plaintiff,

vs.

EISAI INC., a foreign
profit corporation,

       Defendant.
_____/

## NOTICE OF REMOVAL BY DEFENDANT EISAI INC.

Defendant Eisai Inc. ("Eisai"), through undersigned counsel, hereby removes the above-captioned action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully files this Notice of Removal and states:

1. On May 12, 2010, Michael Keeler ("Plaintiff"), commenced this action against Eisai by filing a complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, assigned Case No. 2010 20538-CACE 02. Plaintiff alleges that he is a former Eisai employee who was wrongfully terminated after he complained about and objected to the company's purported off-label marketing of the prescription cancer drug, Ontak®. Compl. ¶¶ 5, 6, 11, 32. The complaint sets forth one count – Retaliation in Violation of the Florida Whistleblower's Protection Act – seeking injunctive relief, reinstatement to former position, full back pay, compensatory damages and attorneys' fees. Compl. ¶¶ 29-33.

2. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Eisai has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

3. By filing this Notice of Removal, Eisai does not intend to waive any available defenses.

## I. EISAI HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4. Eisai was served with a copy of Plaintiff's Complaint on May 19, 2010. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (defendant's 30-day removal period begins running upon service of summons and, unless not required by state law, service of complaint).

5. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action are attached as **Composite Exhibit A**.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 89(c) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 89(c) (Southern District of Florida embraces Broward County).

7. Eisai is the only Defendant in this action. Hence, all Defendants join in this removal.

8. No previous application has been made for the relief requested herein.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and a copy is being filed with the Clerk of the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida.

SQUIRE, SANDERS & DEMPSEY L.L.P.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of costs and interest.

### A. There Is Complete Diversity Between Plaintiff And Eisai

11. For purposes of diversity, a person is considered to be a citizen of the state in which he or she is domiciled. *See Vujasin v. Chef Vincent, Inc.*, No. 08-22048, 2009, U.S. Dist. LEXIS 29612, at *3 (S.D. Fla. Mar. 24, 2009). Plaintiff alleges that he is a citizen and resident of Broward County, Florida. (Compl. ¶ 3.). Plaintiff does not allege any alternative state of residence. Accordingly, upon information and belief, Florida is the state in which Plaintiff was domiciled at the time he commenced this action, and, therefore, the state of which he is a citizen.[1] *See McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002); *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

12. Eisai is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its headquarters at 100 Tice Boulevard, Woodcliff Lake, New Jersey, 07405, and therefore, is a citizen of the States of Delaware and New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010) (principal place of business "will typically be found at a corporation's headquarters.")

---

[1] According to public records, Plaintiff's driver's license indicates that he resides at 3221 N.E. 8th St., Apt. 103F, Pompano Beach, Florida 33062. Public records also indicate that Plaintiff's vehicle is registered at 3221 N.E. 8th St., Apt. 103F, Pompano Beach, Florida 33062.

SQUIRE, SANDERS & DEMPSEY L.L.P.

B. **The Amount In Controversy Requirement Is Satisfied**

13. Plaintiff alleges that he was wrongfully terminated by Eisai on April 24, 2009, and, "as a direct and proximate result . . . has suffered damages." (Compl. ¶ 33). Plaintiff demands judgment against Eisai in the form of (a) injunctive relief, (b) "[r]einstatement to his former position or a substantially equivalent position with the same benefits and compensation," (c) "[f]ull backpay including lost wages and fringe benefits, other remuneration and seniority rights," (d) "compensatory damages," and (e) "attorneys' fees and costs of litigation." Compl., *ad damnum* clause to Count I at p. 9.

14. It is apparent from Plaintiff's prayer for relief and the demand letter he served upon Eisai ("Demand Letter") that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest.[2] A true and correct copy of Plaintiff's Demand Letter is attached as **Exhibit B**. *See La Rocca v. Stahlheber*, 676 F. Supp. 2d 1347, 1349-50 (S.D. Fla. 2009) (demand package used to establish amount in controversy); *Fernandes v. Home Depot U.S.A., Inc.*, No. 08-61442, 2009 WL 247870, *1 (S.D. Fla. Feb. 2, 2009) (finding that allegations in conjunction with demand letter established requisite amount in controversy by preponderance of the evidence); *Deel v. Metromedia Restaurant Servs., Inc.*, Case No. 3:05-120/MCR, 2006 U.S. Dist. LEXIS 10174, at *11, 16 (N.D. Fla. Feb. 27, 2006) (holding that plaintiff's allegations in conjunction with demand letter constitute legally sufficient evidence of amount in controversy).

15. Plaintiff's Demand Letter describes with specificity his purported damages. According to the Demand Letter, one component of Plaintiff's damages consists of 12-month's

---

[2] The Eleventh Circuit has made clear that a federal court considering the appropriateness of removal is not limited to reviewing the allegations of the complaint. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 948-49 (11th Cir. 2000) (diversity jurisdiction); *Davis v. Cluet, Peabody & Co.*, 667 F.2d 1371, 1373 (11th Cir. 1982) (federal question jurisdiction).

pay.  Plaintiff expressly states that "12 months of base pay is $101,592.00."  Exhibit B at pp. at 1 and 4.

16. Plaintiff filed his complaint 12 months and 19 days after his termination, and, as set forth above, seeks "full backpay including lost wages" as part of his damages.  This element of Plaintiff's purported damages alone exceeds $101,592.00.  Accordingly, the amount in controversy exceeds $75,000 and satisfies the jurisdictional requirement.  *See Deel*, 2006 U.S. Dist. LEXIS 10174, at *11, 15-16 (potential backpay award for period following termination satisfied jurisdictional amount).

WHEREFORE, Defendant Eisai Inc. respectfully removes the above-captioned action to this Court pursuant to 28 U.S.C. § 1441.

Dated:  June **8**, 2010

Respectfully submitted,

*/s/ Amy Bloom*
Patricia E. Lowry
Florida Bar No. 332569
E-mail:  plowry@ssd.com
Amy Bloom
Florida Bar No. 0506893
Email:  amy.bloom@ssd.com
Maria Jose Moncada
Florida Bar No. 0773301
Email:  mmoncada@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509

***Attorneys for Defendant Eisai Inc***.

5

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on June **8**, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Filing electronically.

                        /s/ *Amy Bloom*
                        Amy Bloom

**SERVICE LIST**

*Michael Keeler v. Eisai Inc.*

**Case No.** _____

| | |
|---|---|
| Susan L. Dolin<br>Florida Bar No. 708690<br>Email:  sdolin@dolinlawgroup.com<br>**SUSAN L. DOLIN, P.A.**<br>9000 Sheridan Street<br>Suite 93<br>Pembroke Pines, FL 33024<br>Telephone:  954-862-2284<br>Facsimile:   954-862-2287<br><br>*Attorneys for Plaintiff Michael Keeler* | Patricia E. Lowry<br>Florida Bar No. 332569<br>Email:  plowry@ssd.com<br>Amy Bloom<br>Florida Bar No. 0506893<br>Email:  amy.bloom@ssd.com<br>Maria Jose Moncada<br>Florida Bar No. 0773301<br>Email:  mmoncada@ssd.com<br>**SQUIRE, SANDERS & DEMPSEY, L.L.P.**<br>1900 Phillips Point West<br>777 S. Flagler Drive<br>West Palm Beach, FL 33401<br>Telephone:  561-650-7200<br>Facsimile:   561-655-1509<br><br>*Attorneys for Defendant Eisai Inc.* |

WESTPALMBEACH/569356.2