IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:10-cv-60959-WJZ-ZLOCH/ROSENBAUM

MICHAEL KEELER,

      Plaintiff,

vs.

EISAI INC., a foreign
profit corporation,

      Defendant.
_____/

**DEFENDANT EISAI INC.'S UNOPPOSED MOTION FOR
ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT**

Pursuant to Rule 6 of the Federal Rules of Civil Procedure, Defendant Eisai Inc. ("Eisai") respectfully moves for a seven-day enlargement of time, through and including June 22, 2010, to respond to Plaintiff's Complaint. In support of this Motion, Eisai states:

1. Plaintiff Michael Keeler commenced this action on May 12, 2010 against Eisai by filing a complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Eisai was formally served on May 19, 2010.

2. On June 8, 2010, Eisai filed a timely notice of removal.

3. Pursuant to Federal Rule of Civil Procedure 81(c), Eisai's response to the Complaint is currently due on June 15, 2010.

4. In his Complaint, Plaintiff alleges that he is a former Eisai employee who was wrongfully terminated after he complained about and objected to the company's purported off-label marketing of the prescription cancer drug, Ontak®. Compl. ¶¶ 5, 6, 11, 32. He seeks relief pursuant to the Florida Whistleblower Act. Plaintiff's allegations involve not only issues

regarding employee and employer rights and obligations under Florida state law, but also whether Eisai violated several federal statutes, including, but not limited, to the Veterans' Health Care Act of 1992 and the False Claim Act.  Compl. ¶¶ 30, 31

5. Moreover, the Complaint contains numerous factual allegations regarding Eisai's marketing for Ontak, Eisai's sales representative training and meetings pertaining to Ontak, materials Eisai allegedly provided to Ontak sales representatives, Eisai's sales representatives' communications with physicians regarding Ontak, Eisai's reimbursement programs for third-party payors of Ontak (such as insurance companies, Medicare or Medicaid) and sales representatives' evaluations and sales quotas for Ontak.  Comp. ¶¶ 11, 12, 14, 15, 16, 17, 20, 21, 22, 23, 24, 25, 27, 28.

6. Due to the numerous legal issues and the factual allegations raised in the Complaint, Eisai reasonably requires additional time, through and including June 22, 2010, to prepare an appropriate response.

## MEMORANDUM OF LAW

Rule 6 of the Federal Rules of Civil Procedure allows the Court to enlarge the period of time for taking any act required by the Federal Rules of Civil Procedure, or by any order of the Court.  *See* Fed. R. Civ. P. 6.  This request is not being made for any improper purpose.  Moreover, no party will be prejudiced by the granting of this motion.

WHEREFORE, Defendant Eisai Inc. respectfully requests the entry of an order granting a seven-day enlargement of time, through and including June 22, 2010, to file a response to Plaintiff's Complaint.  A proposed order is attached hereto as Exhibit A for the Court's consideration.

## **RULE 7.1 CERTIFICATION**

This Motion is unopposed.  As required by Local Rule 7.1(A)(3), undersigned counsel for Eisai has conferred with counsel for Plaintiff who has advised that Plaintiff has no objection to the requested enlargement of time.

Dated:  June **9**, 2010                                             Respectfully submitted,

*/s/ Amy Bloom*
Patricia E. Lowry
Florida Bar No. 332569
E-mail:  plowry@ssd.com
Amy Bloom
Florida Bar No. 0506893
Email:  amy.bloom@ssd.com
Maria Jose Moncada
Florida Bar No. 0773301
Email:  mmoncada@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509

***Attorneys for Defendant Eisai Inc***.

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on June **9**, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Filing electronically.

                                            /s/ *Amy Bloom*
                                            Amy Bloom

**SERVICE LIST**

*Michael Keeler v. Eisai Inc*.

**Case No. 0:10-cv-60959-WJZ-ZLOCH/ROSENBAUM**

| | |
|---|---|
| Susan L. Dolin<br>Florida Bar No. 708690<br>Email:  sdolin@dolinlawgroup.com<br>**SUSAN L. DOLIN, P.A.**<br>9000 Sheridan Street<br>Suite 93<br>Pembroke Pines, FL 33024<br>Telephone:  954-862-2284<br>Facsimile:  954-862-2287<br><br>*Attorneys for Plaintiff Michael Keeler* | Patricia E. Lowry<br>Florida Bar No. 332569<br>Email:  plowry@ssd.com<br>Amy Bloom<br>Florida Bar No. 0506893<br>Email:  amy.bloom@ssd.com<br>Maria Jose Moncada<br>Florida Bar No. 0773301<br>Email:  mmoncada@ssd.com<br>**SQUIRE, SANDERS & DEMPSEY, L.L.P.**<br>1900 Phillips Point West<br>777 S. Flagler Drive<br>West Palm Beach, FL 33401<br>Telephone:  561-650-7200<br>Facsimile:  561-655-1509<br><br>*Attorneys for Defendant Eisai Inc*. |

WESTPALMBEACH/569888.1