IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:10-cv-60959-WJZ-ZLOCH/ROSENBAUM

MICHAEL KEELER,

       Plaintiff,

vs.

EISAI INC., a foreign
profit corporation,

       Defendant.
_____/

**DEFENDANT EISAI INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
SUPPORTING MEMORANDUM OF LAW**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Eisai Inc. ("Eisai") moves to dismiss Plaintiff's Complaint for failure to state a claim under the Florida Whistleblower's Protection Act.

## INTRODUCTION

Plaintiff alleges that he is a former Eisai employee who was wrongfully terminated after he complained about pressure to meet his sales quotas and his compensation structure, as well as warning a new sales representative about difficulty she might have in meeting her sales goals, in connection with the company's marketing of the prescription cancer drug, Ontak®.  Compl. ¶¶ 5, 6, 22, 23, 25 and 28.  The complaint sets forth one count – Retaliation in Violation of the Florida Whistleblower's Protection Act ("FWPA") – seeking injunctive relief, reinstatement to former position, full back pay, compensatory damages and attorneys' fees. Compl.  ¶¶ 29-33.  As more fully set forth below, Plaintiff's complaint should be dismissed because Plaintiff has failed to allege facts sufficient to state a claim under the FWPA, including the following deficiencies:

- failure to identify the law, rule or regulation Eisai allegedly violated;

- failure to allege he objected to or refused to participate in an Eisai activity, policy or practice that is in violation of a law, rule or regulation; and

- failure to allege he was terminated as a result of his alleged objection or refusal to participate in illegal activity on the part of Eisai.

## ARGUMENT

### A.    Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  Fed. R. Civ. P. 8(a).  "The Supreme Court has held that '[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.'"  *Grossman v. Porter, Inc.*, No. 09-81600-CIV-MARRA, 2010 U.S. Dist. LEXIS 54133, *3 (S.D. Fla. June 1, 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Dismissal of a complaint at the pleading stage is appropriate when, accepting the allegations as true, the complaint fails to allege the essential elements of a claim or discloses a defect in a claim.  *See Twombly*, 550 U.S. at 563-565 (retiring the "no set of facts" language previously used as a standard in the motion to dismiss context).  A complaint must "state a claim to relief that is plausible on its face," not simply one that is "speculative," "conceivable" or "possible."  *Twombly*, 550 U.S. at 555-56, 562-63, 570.

B.   **Essential Elements Of A FWPA Claim Under Section 448.102(3), Florida Statutes**

The FWPA is an exception to Florida's at-will employment doctrine. *White v. Purdue Pharma, L.P.*, 369 F. Supp. 2d 1335, 1336 (M.D. Fla. 2005); *Schultz v. Tampa Elect. Co.*, 704 So. 2d 605, 605 (Fla. 2d DCA 1994). In relevant part, the FWPA prohibits an employer from taking adverse action against an employee because the employee has "[o]bjected to, or refused to participate in any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102(3).

Pursuant to Florida case law and federal diversity jurisdiction cases addressing the Florida statute, in order to plead a claim under the FWPA that can survive a motion to dismiss, Plaintiff must at a minimum:

(1)   specifically identify a law, rule or regulation that Eisai allegedly violated (*See, e.g.*, *Little v. Foster Wheeler Constructors, Inc.*, No. 09-61003-CIV-SELTZER, 2010 U.S. Dist. LEXIS 51082, *26-27 (S.D. Fla. May 24, 2010); *Perdue v. Westpoint Home, Inc.*, No. 5:07cv192-RS-AK, 2008 U.S. Dist. LEXIS 7591, *11-13 (N.D. Fla. Jan. 31, 2008); *Gillyard v. Delta Health Group, Inc.*, 757 So. 2d 601, 602-603 (Fla. 5th DCA 2000));

(2)   allege that he objected to, or refused to participate in an activity, policy or practice of Eisai that is a violation of a law, rule or regulation (*See Bush v. Raytheon Co.*, No. 09-15156, 2010 U.S. App. LEXIS 7471, 10-11 (11th Cir. Apr. 12, 2010); *Little*, 2010 U.S. Dist. LEXIS 51082, at *26-27); *Sussan v. Nova Southeastern Univ.*, 723 So. 2d 933, 933-934 (Fla. 4th DCA 1999)); and

>  (3) allege that he was terminated as a result of his alleged objection to or refusal to participate in the illegal activity. (*See Sierminski v. Transouth Fin'l Corp.*, 216 F.3d 945, 950-951 (11th Cir. 2000); *White*, 369 F. Supp. 2d at 1336; *Sussan v. Nova Southeastern Univ.*, 723 So. 2d 933, 933-934 (Fla. 4th DCA 1999).)

### C. Plaintiff's Claim Should Be Dismissed Because He Fails To Allege Facts Sufficient To Support The Essential Elements Of His Claim

To summarize the allegations of the Complaint, Plaintiff first claims in paragraphs 11 through 19 that Eisai engaged in a number of activities related to non-FDA approved uses[1] of its cancer medicine Ontak®, including directing its sales force "to continue illegally marketing Ontak for treatment of cancers for which it had not been approved by the FDA," giving training materials to representatives that included studies which "were designed to promote the use of Ontak to treat diseases for which it was not indicated and for which it had not been approved by the FDA," directing Plaintiff and others in its sales force "to mislead physicians regarding the imperative presence of the CD-25 factor in patients with CTCL to be treated with Ontak,"

---

[1] The terms "non-FDA approved use," "non-indicated use," or "off-label use" refer to a prescribing physician's decision to use a drug or medical device for an indication not identified in the product's FDA approved labeling. Federal law generally does not restrict off-label *uses* by healthcare providers as part of the practice of medicine. *See generally Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 350 (2001) ("'off-label' usage of medical devices (use of a device for some other purpose than that for which it has been approved by the FDA) is an accepted and necessary corollary of the FDA's mission to regulate in this area without directly interfering with the practice of medicine"). As stated in *Wolicki-Gables v. Arrow Int'l, Inc.*, 641 F. Supp. 2d 1270 (M.D. Fla. 2009) (addressing issues regarding off-label use of a medical device)

> A physician may, as part of the practice of medicine, lawfully prescribe a different dosage of prescription medication, or may otherwise vary the conditions of use from those approved in the package insert, without informing or obtaining approval of the Food and Drug Administration. *U.S. v. Evers*, 453 F. Supp. 1141, 1149-50 (M.D. Ala. 1978), *aff'd*, 643 F.2d 1043 (5th Cir. 1981) . . . . The Food and Drug Administration recognizes no difference between the "off label" use of drugs and devices.

*Id*. at 1283.

providing Plaintiff and other sales representatives with "numerous clinical studies which promoted various uses of Ontak for treatment of conditions for which it was not indicated," teaching its sales force the intricacies of how to "market the spread" to encourage Ontak® sales even for uses where it was not indicated or approved, and so on.  (Compl. ¶¶ 11-19.)

Plaintiff then alleges that:

> Eisai sales representatives are evaluated based upon prior year's sales, and their new projected sales goals are as well.  These sales include a highly disproportionate percentage of Ontak sales for non-FDA-approved use.  Indeed, the only way that a sales representative could meet his or her sales quota was with sales of Ontak for conditions for which its use was not indicated, since sales for the only recognized and authorized use of Ontak was for such a limited and small population of patients.
>
> Sales representatives were rewarded for large numbers of sales of Ontak, including a large amount sold for non-indicated uses, with trips to resorts and other rewards.  Many representatives were rewarded handsomely for sales outside of the indicated use, including but not limited to substantial bonuses for their selling of Ontak for use outside the FDA approved indication.

(Compl. ¶¶ 20-21).

Finally, Plaintiff alleges that he and "other members of the Ontak sales force, complained frequently to management at meetings about being pressured to reach their sales quotas, as they contained a high percentage of Ontak sales for non-indicated use . . . and the risks they were taking in doing so."  Compl. ¶ 22.  Plaintiff also alleges that he was the leader of a group trying to create changes in the compensation structure.  Compl. ¶ 23.  Further, Plaintiff alleges that he warned a new sales representative about the high rate of Ontak® use for non-FDA approved treatment in her territory and the difficulty she might have in achieving her sales goals because of it.  Compl. ¶ 25.  Plaintiff alleges that he was terminated because he "didn't live the Eisai values," and that he was told that one of the reasons for his termination was his warning to the new sales representative.  Compl. ¶ 28.

As explained more fully herein, Plaintiff's allegations fail to state a proper claim under the FWPA because he fails to identify the law, rule or regulation Eisai allegedly violated; fails to allege he objected to or refused to participate in an Eisai activity, policy or practice that is in violation of a law, rule or regulation; and fails to allege he was terminated as a result of his alleged objection or refusal to participate in illegal activity on the part of Eisai.

### 1. Plaintiff Fails To Identify The Laws, Rules Or Regulations Eisai Allegedly Violated

In order to state a viable claim under the FWPA, Plaintiff must identify the law, rule or regulation Eisai allegedly violated. Because he has failed to do so, dismissal is warranted.

In the case of *Perdue v. Westpoint Home, Inc.*, No. 5:07cv192-RS-AK, 2008 U.S. Dist. LEXIS 7591 (N.D. Fla. Jan. 31, 2008), the plaintiff alleged that she had complained about safety violations on her employer's premises, filed a worker's compensation claim, and requested medical treatment for injuries arising from a workplace accident. *Id*. at *1. The District Court for the Northern District of Florida dismissed plaintiff's action, stating:

> Plaintiff generally alleges that she objected to or refused to participate in Defendant's unlawful activity. However, she fails to identify the specific law, rule, or regulation that Defendant allegedly violated. Plaintiff protests that she is not required to cite statutory authority in a complaint and admits that the discovery process has revealed the statutory grounds for her claims.
>
> . . .
>
> Requiring that Plaintiff simply cite a law, rule or regulation on which her claim rests, as required by § 448.102(3), does not place too onerous a burden on her. The claim is either viable, or it is not. Absent such a citation, I can only conclude the Plaintiff lacks the legal foundation necessary to entitle her to relief under § 448.102(3) of the Whistleblower Act.

*Id*. at *11-12.

Likewise, in *Little v. Foster Wheeler Constructors, Inc.*, No. 09-61003-CIV-SELTZER, 2010 U.S. Dist. LEXIS 51082 (S.D. Fla. May 24, 2010), this Court granted summary judgment on an FWPA claim in which plaintiff claimed she was terminated for objecting to illegal sexual harassment, as well as illegal drug use and related drug testing irregularities in the workplace. *Id*. at *26-30, 58.  The Court held:

> [T]he Complaint lists three objections [on the part of plaintiff] but identifies a statutory basis (Fla. Stat. § 760) for only one objection, the alleged sexual harassment. Because Fla. Stat. § 760 is a workplace statute that pertains to the business, it is therefore actionable under the FWA. The Complaint, however, does not identify any statutory basis for the remaining two objections -- the alleged drug use and testing irregularities.  And absent any identifiable "law, rule, or regulation," the violation of which Plaintiff reported, her objections concerning those violations are not actionable.

*Id*. at *26-27.  The Court went on:

> To support her complaints concerning testing irregularities, Plaintiff's discovery responses -- again, not her Complaint -- suggest that these irregularities violated the following: Defendant's policies and procedures, the False Claims Act (*31 U.S.C. § 3730(h)*), and the Energy Reorganization Act of 1974 (*42 U.S.C. § 5851*). See Defendant's Motion at 6 (DE 44). An employer's policies and procedures, however, do not come within the scope of protections provided by the FWA.  [Citations omitted.]   Further, the subsection of the False Claims Act identified by Plaintiff protects an employee from retaliation for taking "efforts to stop [one] or more violations of this subchapter." *31 U.S.C. § 3730(h)*. Yet, Plaintiff has not identified any portion of the False Claims Act that was implicated by her complaints of drug testing irregularities; nor can she show that Defendant violated the False Claims Act. Finally, Plaintiff claims that her complaints implicated violations of the anti-retaliation provision of the Energy Reorganization Act of 1974, which protects employees from complaining about violations of the Act or the Atomic Energy Act of 1954. See *42 U.S.C. § 5851*. Yet, Plaintiff has not cited any portion of either Act of which she complained or which she believes that Defendant violated.

*Id*. at *28-29.

In summary, the Southern District of Florida Court in *Little* granted summary judgment, holding:

> Nor do Plaintiff's objections to the drug testing irregularities qualify for the protections of the FWA; she has not identified any provision of the False Claims Act or the Energy Reorganization Act, the violation of which forms the basis of her complaints.

*Id.* at *30.

Likewise here, nowhere in his Complaint does Plaintiff identify any law, rule or regulation that he claims Eisai violated, or to which alleged violation he made an objection. In the only paragraph of the Complaint that attempts to identify the law, rule or regulation that Eisai was purportedly violating, Plaintiff merely alleges that Eisai "was violating several federal laws, including, but not limited to the Veterans' Health Care Act of 1992, 42 U.S.C. §340(B) and the False Claims Act, 31 U.S.C. § 3729(a)(3) . . . ." Compl. ¶ 30. This is not a sufficient identification of the statutes Eisai allegedly was violating to survive a motion to dismiss.

First, merely stating that Eisai "was violating several federal laws," without fully identifying those laws, is insufficient to state a claim that is plausible on its face under the authority of *Perdue*, *Little* and *Twombly*. *Perdue*, 2008 U.S. Dist. LEXIS 7591, at *11-13; *Little*, 2010 U.S. Dist. LEXIS 51082, at *28-30; *Twombly*, 550 U.S. at 555, 564.

Further, as in *Little*, although Plaintiff here names the False Claims Act and the Veterans' Healthcare Act of 1992, Plaintiff's claim fails because Plaintiff has not identified the portions of those Acts Eisai allegedly violated, the activity Eisai engaged in that was a violation of those Acts, nor the objection he made to any such violation.

The subsection of the False Claims Act referred to in paragraph 30 of the Complaint, 31 U.S.C. § 3729(a)(3), is merely a provision regarding costs owed to the United States Government

8

for actions brought under the statute;[2] this statutory provision does not set forth any prohibited conduct Eisai may have engaged in.  The subsection of the Veterans' Healthcare Act identified, "42 U.S.C. §340(B)," does not exist.  Because Plaintiff has failed to identify any portion of the False Claims Act or the Veterans' Healthcare Act of 1992 that Eisai allegedly violated -- much less that he complained that Eisai was violating the False Claims Act or the Veterans' Healthcare Act -- Plaintiff's claim must fail.

Florida courts have repeatedly granted and affirmed the dismissal of whistleblower claims on motions to dismiss when the plaintiffs were unable to establish that the conduct they opposed violated some "law, rule or regulation" within the meaning of the FWPA.  *Perdue*, 2008 U.S. Dist. LEXIS 7591, at *11-13; *Gillyard*, 757 So. 2d at 602-603 (affirming order granting motion to dismiss whistleblower claim where plaintiff's refusal to violate an executive order of the governor and county ordinance was not protected under FWPA since neither the executive order nor the county order constituted a law, rule or regulation under FWPA); *Sussan*, 723 So. 2d at 933-934 (affirming order granting motion to dismiss whistleblower claim for failure to state a cause of action where the conduct about which plaintiff complained was not a violation of a law, rule or regulation on the part of her employer); *Schultz v. Tampa Elect. Co.*, 704 So. 2d 605, 606 (Fla. 2d DCA 1994) (affirming dismissal of whistleblower complaint for failure to state a cause of action where the plaintiff's "disagreement with what he perceive[d] to be TECO's lack of effort with regard to its conservation plans and programs [did] not disclose an activity, policy or practice of TECO that violate[d] a law, rule or regulation."); *Forrester v. John H. Phipps, Inc.*, 643 So. 2d 1109, 1111-12 (Fla. 1st DCA 1994) (affirming dismissal of whistleblower claim with

---

[2] Title 31, U.S.C. § 3729(a)(3) reads as follows:  "(3) Costs of civil actions. A person violating this subsection shall also be liable to the United States Government for the costs of a civil action brought to recover any such penalty or damages."

prejudice on a motion to dismiss where plaintiff could not establish that she opposed or refused to participate in conduct that violated a "law, rule or regulation"); *New World Comm'ns of Tampa, Inc. v. Akre*, 866 So. 2d 1231, 1234 (Fla. 2nd DCA 2003) (reversing judgment in favor of plaintiff and remanding for entry of judgment in favor of defendant, holding that because FCC policy is not a law, rule or regulation, plaintiff failed to state claim under FWPA); *Tyson v. Viacom, Inc.*, 760 So. 2d 276, 277 (Fla. 4th DCA 2000) (affirming dismissal of FWPA claim for failure to state a cause of action and holding violation of federal court's injunction is not a violation of a law, rule or regulation).

Because Plaintiff Keeler has failed to identify the law, rule or regulation Eisai violated, for that reason alone his Complaint should be dismissed.

### 2. Plaintiff's Failure To Allege He Objected To A Purportedly Illegal Activity Of Eisai Is Also Fatal To His Claim

Plaintiff's claim also fails because he has not alleged that he objected to or refused to participate in an illegal practice on the part of Eisai. Plaintiff's bare allegations in paragraphs 31 through 33 of the Complaint are mere legal conclusions that track the elements of a claim under the FWPA. *Twombly* makes clear however that simply alleging the elements of a cause of action is not sufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555-556, 561-565.

The only conduct described in the Complaint which arguably constitutes an "objection or refusal to participate" is the conduct described above at p. 5, that is, Plaintiff's complaint about pressure to meet his sales quotas (Compl. ¶ 22), his leadership in trying to create changes in the compensation structure (Compl. ¶¶ 22, 23), and that he warned a new sales representative about the difficulty she might have in achieving her sales goals. (Compl. ¶¶ 25, 28.) That Plaintiff may have expressed complaints about the way Eisai set his sales quotas and compensation

structure is insufficient to state a claim under the FWPA. Rather, Plaintiff must have objected to or refused to participate in an activity by the employer that violated a law, rule or regulation.

Federal and Florida courts addressing the FWPA have made clear that mere objection to an employer's practices is not sufficient to state a claim under the FWPA. For example, in *Lawson v. Dollar General Corp.*, No. 8:04-cv-2366-T-17TBM, 2006 U.S. Dist. LEXIS 47082 (M.D. Fla. 2006), the court granted summary judgment in favor of the defendant on a FWPA claim on the basis that the plaintiff merely objected to a violation of a company policy against sexual harassment, which did not constitute a law, rule or regulation under the FWPA. There, the District Court for the Middle District stated:

> Plaintiff claims that Defendants terminated his employment because he reported that a high ranking employee of the company had sexually harassed other employees, which was against company policy. However, Plaintiff can not prove that he participated in statutorily protected activity because Plaintiff is not claiming that the practice of the employer was in violation of any law, rule, or regulation. Plaintiff has not claimed any violation by [the Dollar General Executive] other than a violation of Dollar General's policies against sexual harassment, which do not constitute the definition under the FWA of a law, rule, or regulation.

*Id*. at *7-8.

Similarly, in *Schultz v. Tampa Elect. Co.*, 704 So. 2d 605 (Fla. 2d DCA 1994), Florida's Second District Court of Appeal affirmed dismissal of a FWPA claim for failure to state a cause of action where the plaintiff's disagreement with the employer's alleged lack of effort regarding its conservation plans and programs did not disclose an activity, policy or practice that violated a law, rule or regulation. *Id*. at 606. There, the court stated:

> In his memorandum, Schultz set forth what he termed his concerns regarding the actual effectiveness of TECO's many conservation plans and programs. He stated that he hoped that by bringing the issues to TECO's attention, TECO could take the necessary measures to clarify its conservation programs to its customers and the Public Service Commission (PSC). Schultz concluded by stating that if the

11

> PSC were aware of the areas of concern he had expressed, it "would have substantial reason to question what we are doing with conservation. The PSC would need to be notified of certain of the conservation issues addressed above if the Company is unable to resolve them." None of these statements by Schultz are sufficient to state a cause of action under the whistle blower act. Schultz's disagreement with what he perceives to be TECO's lack of effort with regard to its conservation plans and programs does not disclose an activity, policy, or practice of TECO that violates a law, rule, or regulation.

*Id*.

In *Forrester v. John H. Phipps, Inc*., 643 So. 2d 1109 (Fla. 1st DCA 1994), Florida's First District Court of Appeal affirmed the dismissal of an FWPA claim with prejudice for failure to state a claim. *Id*. at 1110, 1112. In reaching that decision the court stated:

> While one may be sympathetic to appellant's notion that her dispute with her employer implicates matters of public policy, and that public policy should be preserved by application of this statute, we cannot agree that the legislature intended such a broad approach. We are confident that the legislature did not intend to create a cause of action for what essentially amounts to an internal and personal dispute between appellant and her employers. By the definition provided in *section 448.101(4)*, the phrase "law, rule or regulation" refers to enactments of a legislative or administrative forum. This limitation to "adopted" material only appears deliberate, and well-serves the public by hinging civil liability upon matters of which due notice, actual or imputed, has been conveyed. Public policy is a protean thing, and provides at best, a shaky foundation for imposing civil liability. Justice Terrell once observed, "public policy was described as a very unruly horse, and, when once you get astride it, you never know where it will carry you." [Citation omitted.]
>
> Because we cannot agree that "public policy" issues such as those complained of by appellant fall within the ambit of *section 448.101(4)*, and because appellant offers no other solid basis for establishing a cause of action under *section 448.102*, we affirm the dismissal of her complaint with prejudice.

*Id.* at 1111-12; *see also* Fla. Stat. § 448.101(4) (defining the term "law, rule or regulation" as used in the FWPA).

Although Plaintiff makes various claims in the complaint about Eisai's conduct with respect to marketing Ontak® for non-FDA approved uses, notably missing from the Complaint is

SQUIRE, SANDERS & DEMPSEY L.L.P.

any allegation that Plaintiff complained to anyone about the violation of any law, rule or regulation. That simply is insufficient factual support under *Twombly* for plaintiff to state a claim under Florida's FWPA.

In the case of *Bush v. Raytheon Co.*, No. 09-15156, 2010 U.S. App. LEXIS 7471 (11th Cir. Apr. 12, 2010), the Eleventh Circuit Court of Appeals affirmed an order from the Middle District of Florida granting summary judgment in favor of the employer on a FWPA claim in part because Plaintiff did not explicitly object to the employer's alleged illegal conduct on False Claim Act grounds. The Eleventh Circuit held:

> Here, Bush failed to present sufficient evidence from which a jury could conclude that he objected to a violation of a "law, rule, or regulation," as that phrase is defined by Florida law. Bush said to the Raytheon supervisors that the engineers needed to "look at [their] funding statement; if there's no obsolete parts, there may be a problem." TI30B is a funding statement delineating the terms of engineering services under a government contract. It is not a law, rule or regulation enacted by a legislative or administrative body.
>
> Bush argues that when he objected to Raytheon violating the terms of TI30B he insinuated that Raytheon was violating the False Claims Act ("FCA"). Specifically, Bush contends that all of the Raytheon supervisors had received ethics training on contract compliance, were aware of the FCA, and "knew or should have known the redesign was illegal." Bush did not advance this argument in the district court. In any event, there is no evidence in the record that Bush explicitly objected to the redesign on FCA grounds. Indeed, Bush admitted that his objection to the violation of TI30B was "subtle."
>
> Because TI30B is not a law, rule, or regulation within the meaning of the Florida Whistleblower Act, Bush has failed to establish his prima facie case. Thus, we do not address Bush's arguments about whether he presented evidence as to the other elements of a Florida Whistleblower Act claim or whether Bush presented evidence that Raytheon's legitimate, non-retaliatory reasons for its actions were pretext.

*Id.* at 9-11; *see also Little v. Foster Wheeler Constructors, Inc.*, No. 09-61003-CIV-SELTZER, 2010 U.S. Dist. LEXIS 51082, *26-30 (S.D. Fla. May 24, 2010) (stating that "absent any identifiable 'law, rule or regulation,' the violation of which plaintiff reported, her objections

concerning those violations are not actionable" and noting plaintiff's failure to identify any portion of the acts named that were implicated by her complaints).

Further, to the extent Plaintiff intends to argue that his complaint about being pressured to reach his sales quotas and his attempts to change his compensation structure constituted a "subtle objection" which insinuated that Eisai was violating the False Claims Act, the Veteran's Healthcare Act of 1992, or any other law, his claim must fail as a matter of law. *See Bush*, 2010 U.S. App. LEXIS 7471, at *9-11. It appears from the allegations of the Complaint, particularly paragraphs 20 and 21, that Plaintiff was unhappy that, in setting sales goals for its sales force, Eisai allegedly used historical sales figures in the calculation, so that if Ontak® was ordered and used by physicians in a non-FDA approved manner within a particular territory, those sales would be included in the calculation of the sales representative's new quota. Thus, sales representatives may need to promote the use of more Ontak® for approved uses in order to attempt to meet their sales goals. Although Plaintiff alleges at paragraph 22 that he and others complained about being pressured to meet their sales goals, and "the risks they were taking in doing so," Plaintiff fails to allege that he complained to anyone that Eisai was violating any law, rule or regulation, or to identify the law, rule or regulation that allegedly was violated. Further, that physicians may have been prescribing Ontak® for use in non-FDA approved cancer treatments such as melanoma, does not equate to Eisai violating any law, rule or regulation; physicians are generally permitted to prescribe drugs for off-label uses. *See supra*, p. 4 n.1. Because Plaintiff has failed to allege that he objected to an illegal activity, in addition to his failure to identify the law, rule or regulation Eisai purportedly violated, his Complaint should be dismissed on this ground as well.

### 3. Plaintiff Fails To Allege That His Termination Was The Result Of Any Objection Or Refusal To Participate In Any Illegal Activity By Eisai

Finally, Plaintiff has failed to allege any facts to support the essential element of his claim upon which he will ultimately bear the burden of proof -- that he was terminated because of his objection or refusal to participate in any alleged illegal activity. *Sierminski v. Transouth Fin'l Corp.*, 216 F.3d 945, 950-51 (11th Cir. 2000). Under the requirements of *Twombly*, that deficiency also deals a fatal blow to his claim.

Other than simply parroting the statute at paragraph 32 of the Complaint, the only factual allegations in the Complaint that arguably support this crucial element are contained in paragraphs 25 through 28. In paragraph 28, Plaintiff states that he was told that "one of the reasons for his termination was his alleged warning to the new sales representative Barbara Rayburn," which is described more fully in paragraph 25 of the Complaint. At paragraph 25, Plaintiff alleges that he warned Barbara Rayburn that she might have difficulty achieving her sales goals because of the high rate of Ontak® use for a non-FDA approved treatment of cancer in her territory. Compl. ¶ 25. In paragraphs 26 and 27 Plaintiff describes events that he claims followed his warning to Barbara Rayburn. In paragraph 28, his alleged warning becomes more ambiguous when Plaintiff alleges that he was told that one of the reasons for his termination was "his warning to Barbara Rayburn about the promotion and sale of Ontak for use outside the FDA approved indications." Compl. ¶ 28.

Even as formulated in paragraph 28, this allegation fails to satisfy the pleading requirements under the FWPA and Rule 8 as set forth in *Twombly*. Plaintiff fails to allege facts from which one can conclude that his warning to Ms. Rayburn amounted to an objection to a violation by Eisai of any law, rule or regulation. The Complaint fails to meet the pleading

15

requirements of identifying the law, rule or regulation Eisai allegedly was violating, or that Plaintiff objected to that alleged violation and was terminated for that reason.

Further, a warning to his colleague that she would have trouble making her sales quotas -- because Plaintiff didn't agree with the way the sales quotas were set -- can hardly be described as an objection or refusal to participate in an illegal activity. Rather, it is the kind of internal conflict that the FWPA is not intended to remedy or even address. *Bush*, 2010 U.S. App. LEXIS 7471, at *9-11; *Forrester*, 643 So. 2d at 1111-12; *see also* Fla. Stat. § 448.101(4). To hold otherwise would require courts addressing FWPA claims to become involved in nearly every kind of internal dispute between employers and employees.

Accordingly, even if the allegations of paragraph 25 and 28 are taken to be true, Plaintiff has failed to properly allege that he was terminated for objecting to or refusing to participate in an illegal activity. For this additional reason, his Complaint should be dismissed.

## CONCLUSION

Plaintiff has failed to allege facts to show that he has a right to relief even at the most speculative level.  His failure to identify the law, rule or regulation purportedly violated by Eisai is alone sufficient to warrant dismissal.  Further, because his Complaint fails to properly go beyond a mere recitation of the elements of his cause of action, Plaintiff's claim is deficient.

WHEREFORE, Defendant Eisai Inc. respectfully requests the Court dismiss Plaintiff's Complaint in its entirety.

Dated:  June **22**, 2010

Respectfully submitted,

*/s/ Patricia E. Lowry*
Patricia E. Lowry
Florida Bar No. 332569
E-mail:  plowry@ssd.com
Amy Bloom
Florida Bar No. 0506893
Email:  amy.bloom@ssd.com
Maria Jose Moncada
Florida Bar No. 0773301
Email:  mmoncada@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509

***Attorneys for Defendant Eisai Inc***.

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on June **22**, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Filing electronically.

                /s/ *Amy Bloom*
                Amy Bloom

**SERVICE LIST**

*Michael Keeler v. Eisai Inc*.

**Case No. 0:10-cv-60959-WJZ-ZLOCH/ROSENBAUM**

| | |
|---|---|
| Susan L. Dolin<br>Florida Bar No. 708690<br>Email:  sdolin@dolinlawgroup.com<br>**SUSAN L. DOLIN, P.A.**<br>9000 Sheridan Street<br>Suite 93<br>Pembroke Pines, FL 33024<br>Telephone:  954-862-2284<br>Facsimile:  954-862-2287<br><br>*Attorneys for Plaintiff Michael Keeler* | Patricia E. Lowry<br>Florida Bar No. 332569<br>Email:  plowry@ssd.com<br>Amy Bloom<br>Florida Bar No. 0506893<br>Email:  amy.bloom@ssd.com<br>Maria Jose Moncada<br>Florida Bar No. 0773301<br>Email:  mmoncada@ssd.com<br>**SQUIRE, SANDERS & DEMPSEY, L.L.P.**<br>1900 Phillips Point West<br>777 S. Flagler Drive<br>West Palm Beach, FL 33401<br>Telephone:  561-650-7200<br>Facsimile:  561-655-1509<br><br>*Attorneys for Defendant Eisai Inc*. |

WESTPALMBEACH/570561.1