IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:10-cv-60959-WJZ-ZLOCH/ROSENBAUM

MICHAEL KEELER,

       Plaintiff,

vs.

EISAI INC., a foreign
profit corporation,

       Defendant.
_____/

## DEFENDANT EISAI INC.'S
## REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

As set forth by Eisai's moving papers and the case law cited therein, in order to plead a claim under the FWPA that can survive a motion to dismiss, Plaintiff must at a minimum: (1) specifically identify a law, rule or regulation that Eisai allegedly violated; (2) allege that he objected to, or refused to participate in an activity, policy or practice of Eisai that is in violation of the law, rule or regulation identified; and (3) allege that he was terminated as a result of his alleged objection to or refusal to participate in the illegal activity.

Notwithstanding Plaintiff's characterization of the allegations of his Complaint, there can be no dispute that at best, Plaintiff's Complaint alleges that Plaintiff objected to the way Eisai set his sales quotas and compensation -- not that he objected to or complained about any alleged unlawful practices by Eisai relating to its cancer drug Ontak®. Such allegations do not satisfy the pleading requirements for a FWPA claim under *Twombly* and Florida cases addressing the sufficiency of FWPA claims. Nor do they put an employer on notice of protected activity under

the FWPA so as to supersede the employment at-will doctrine.  Plaintiff's Complaint should be dismissed.

**Plaintiff's Failure to Identify the Law, Rule or Regulation Eisai Allegedly Violated.**

Plaintiff's Response fails to point to a single paragraph in the Complaint that specifically identifies the law, rule or regulation Eisai allegedly violated, and to which he asserted the objections he claims resulted in his termination.  As stated by the Northern District of Florida:

> Requiring that Plaintiff simply cite a law, rule or regulation on which her claim rests, as required by § 448.102(3), does not place too onerous a burden on her.  The claim is either viable, or it is not.  Absent such a citation, I can only conclude the Plaintiff lacks the legal foundation necessary to entitle her to relief under § 448.102(3) of the Whistleblower Act.

*Perdue v. Westpoint Home, Inc.*, No. 5:07cv192-RS-AK, 2008 U.S. Dist. LEXIS 7591, *11-12 (N.D. Fla. Jan. 31, 2008) (*See* Motion, pp. 6-10).  Rather than cutting to the heart of the matter -- and identifying the alleged law, rule or regulation upon which his claim rests -- Plaintiff instead starts his Reply by repeating and attempting to bolster the allegations of his Complaint regarding alleged wrongful conduct of Eisai, without identifying the statute allegedly violated.  (Resp., pp. 2-5.)

Indeed, Plaintiff does not even attempt to cure his failure to cite to the specific portions of the False Claim Act and the Veteran's Healthcare Act of 1992, the only statutes named in the Complaint.  (Compl. ¶ 30.)  With respect to the Veteran's Healthcare Act of 1992, Plaintiff fails to explain his citation to a non-existent statute, or attempt to identify the portion of the Act he may have intended to cite.  (Resp., p. 5; Compl. ¶ 30.)  Plaintiff admits that "a simple amendment is the correct remedy," (Resp., p. 5) but instead chose to oppose Defendant's motion.

With regard to the False Claims Act, Plaintiff also has yet to cite to the statutory section he alleges Eisai violated.  (Resp., p. 6; Compl. ¶ 30.)  Plaintiff cites only to 31 U.S.C. §

3729(a)(3), a provision regarding costs.  Contrary to Plaintiff's contention (Resp., pp. 5-6), a simple reading of that provision reveals that it does not set forth any prohibited conduct upon which plaintiff could base a claim.

Plaintiff's Response also attempts -- and fails -- to inject new statutory authority. Plaintiff now claims that "Defendant is violating state law as well, by cheating the state and federal governments out of moneys meant for reimbursement for legitimate services." (Resp., p. 6.)  This is not a proper amendment, but even if it were, he fails to identify any state's (or states') law, or even which state's law, Eisai allegedly violated.  *See Pollio v. MF Global, Ltd.*, 608 F. Supp. 2d 564, 568 n.1 (S.D.N.Y 2009) (parties cannot amend pleadings through issues raised solely in their briefs, such facts are irrelevant for purposes of determining whether plaintiff's complaint should be dismissed for failure to state a claim); Fed. R. Civ. P. 15.

Plaintiff also now claims that Eisai violated "21 U.S.C § 255." (Resp., p. 3)  He concedes this statute is not in his Complaint (Resp., p.3, n.2) but then goes on to say that the allegations regarding its alleged violation are the "springboard" for his Complaint.  Once again, Plaintiff cites to a non-existent statute.[1]  Further, Plaintiff's reliance on the FDA letter sent to Ontak®'s prior owner is also misplaced.  Even if Eisai had continued the conduct of its predecessor, as Plaintiff appears to claim, that does not establish the violation of a law, rule or regulation.  *See* 21 C.F.R. § 10.85(k) ("A statement or advice given by an FDA employee orally, or given in writing but not under [provisions for formal advisory opinions] is an informal communication that represents the best judgment of that employee at the time but does not constitute an advisory opinion, does not necessarily represent the formal position of the FDA, and does not bind or otherwise obligate or

---

[1] Plaintiff also alleges for the first time in his Response that Eisai violated the National Labor Relations Act (Resp., n.5), although he apparently does not rely upon this statute as a basis for his FWPA claim.  In any event, he admits that no charges were ever filed with the National Labor Relations Board, thereby conceding that even if any such claim had existed it could no longer be asserted.  *See* 29 U.S.C. § 160(b).

commit the agency to the views expressed.")  Rather, this claim further demonstrates Plaintiff's apparent inability to state a plausible FWPA claim against Eisai.

Plaintiff does not dispute the authority Eisai relies upon for the proposition that Plaintiff must specifically allege the basis upon which his FWPA claim rests, but rather, attempts to distinguish it.  (Resp., n.3 and pp. 6-7.)  That attempt fails.  Contrary to Plaintiff's contention, the court in *Perdue v. Westpoint Home, Inc.*, was not addressing removal issues in the opinion or in the portion Eisai relies upon, but rather defendant's motion to dismiss plaintiff's claim under FWPA, among other issues.  *Id*. at *3-5.  In *Little v. Foster Wheeler Constructors, Inc.*, No. 09-61003-CIV-SELTZER, 2010 U.S. Dist. LEXIS 51082 (S.D. Fla. May 24, 2010), the plaintiff's FWPA claim failed, in addition to other reasons, because of the same deficiency alleged here: although plaintiff had alleged purported illegal activity, plaintiff had not cited any portion of the False Claim Act or the Atomic Energy Act of 1954 of which she complained or which she believed the defendant violated.  *Id*. at *29-30.

Plaintiff's attempt to distinguish *Schultz v. Tampa Elect. Co.*, 704 So. 2d 605, 606 (Fla. 2d DCA 1994), *Sussan v. Nova Southeastern Univ.*, 723 So. 2d 933, 933-934 (Fla. 4th DCA 1999) and *Forrester v. John H. Phipps, Inc.*, 643 So. 2d 1109, 1111-12 (Fla. 1st DCA 1994) also misses the boat.  All three cases show that, where as here, the mere objection to an employer's internal company practices is not sufficient to state a claim under the FWPA.  *Id*.  Further, notwithstanding Plaintiff's contention that Eisai's citations to *New World Comm'ns of Tampa, Inc. v. Akre*, 866 So. 2d 1231, 1234 (Fla. 2nd DCA 2003) and *Tyson v. Viacom, Inc.*, 760 So. 2d 276, 277 (Fla. 4th DCA 2000) are inappropriate (Resp., p.7, n.4), these cases are on point because they demonstrate that plaintiff must allege the violation of a law, rule or regulation, as opposed to a federal agency policy (*New World Comm'ns*), a federal court injunction (*Tyson*), or

as alleged here, a letter from the FDA sent to a different company, in order to state a claim under the FWPA.

Additionally, Plaintiff's statement that "federal interpretation of state law must be consistent with the State's interpretation,"[2] (Resp., n.3), fails to appreciate that the issue here is whether Plaintiff has satisfied the requirements federal courts have set forth with respect to pleading claims under FWPA.  Further, Eisai has pointed to a number of Florida state court decisions in which the plaintiff's claim was dismissed at the pleading stage and affirmed on appeal for failure to identify a law, rule or regulation upon which plaintiff's claim rests.  (Motion, at pp. 9-10; *see, e.g., Schultz*, 704 So. 2d at 606).

**Plaintiff's Failure to Allege that He Complained About the Violation of Any Law, Rule or Regulation by Eisai.**  Because Plaintiff has failed to -- and apparently is unable to -- identify the statutory violation upon which his FWPA claim rests, he necessarily has not alleged that he complained to Eisai about any violation of such law.  Because the FWPA is an exception to Florida's at-will employment doctrine, however, the employer must have due notice that the employee is engaging in protected activity in order for there to be a plausible claim.  *White v. Purdue Pharma, L.P.*, 369 F. Supp. 2d 1335, 1336, 1338-39 (M.D. Fla. 2005); *Forrester*, 643 So. 2d at 1111-1112; Motion, at pp. 10-14.

Plaintiff's reliance on *Dahl v. Eckerd Family Youth Alternative, Inc*., 843 So. 2d 956 (Fla. 2nd DCA 2003) (Resp., p. 7-8) is unpersuasive.  First, there is no indication that the defendant challenged plaintiff's complaint on the grounds Eisai asserts here.  The issue was whether a

---

[2] The case Plaintiff cites for this proposition in footnote 3 and at page 7 of his Response, *Roland v. Florida East Coast Rwy., LLC*, Case No.: 3D02-1405 (Ct. App. Fla. 2003) has been withdrawn.  *See Roland v. Fla. E. Coast Rwy, LLC*, 873 So. 2d 1271, 1272 (Fla. 3rd DCA 2004) (withdrawing the 2003 *Roland* opinion and substituting with another opinion).  In any event, both the 2003 and 2004 *Roland* opinions address a wholly unrelated preemption issue, and are completely off point with respect to the issues being briefed here.

whistleblower claim may come within the ambit of both the public and private sector acts. *Id*. at 957-59. Further, the opinion notes that the *Dahl* plaintiff did in fact complain to her supervisors and state agencies about "alleged violations of applicable rules, regulations and laws on the part of her co-workers." *Id*. at 958.

Plaintiff claims that his Complaint "details Plaintiff's objections" to Eisai's activity, and specifically cites to paragraph 23. (Resp., pp. 4-5.) Even taking the allegations of paragraph 23 as true for the purposes of this motion, Plaintiff fails to allege that he reported to anyone at Eisai that it was engaging in the violation of a law, rule or regulation. Rather, what paragraph 23 describes is nothing more than Plaintiff's alleged attempt to change his sales goals and Eisai's bonus and compensation plan.[3]

To elevate Plaintiff's mere objection to what he may have viewed as unrealistically high sales goals to a whistleblower claim, Plaintiff must do more than allege, after the fact, that the setting of the sales goals and compensation structure somehow involved illegal activity on the part of Eisai. Rather, he must allege facts sufficient for the Court to conclude that he put Eisai on notice of a violation of a law, rule or regulation, and his objection thereto, so that Eisai was able to draw a reasonable conclusion that Plaintiff was engaging in protected activity. What is clear from reading paragraph 23 and Plaintiff's Response memo, is that Plaintiff is attempting to benefit from both the ambiguity of his complaints as well as his pleading in order to craft a cause

---

[3] The only activity on the part of Plaintiff described in paragraph 23 is that "Plaintiff and other salespersons made [the new Director for the Oncology Division] aware of the problem of sales of Ontak for non-indicated use," and that "Plaintiff Keeler was the leader of the group in trying to create the changes, and provided documentation and voiced facts specific to his territory." At page 8 of his Response, Plaintiff also identifies paragraph 22 as containing allegations regarding his objection to and complaints about Defendant's unlawful conduct. Paragraph 22 states that Plaintiff, along with others, "complained frequently to management at meetings about being pressured to reach their sales quotas, as they contained a high percentage of Ontak sales for non-indicated use in treating conditions other than CTCL with a CD 25 factor, and the risks they were taking in doing so." Again, paragraph 22 does not state that Plaintiff complained that Eisai was violating any law, rule or regulation.

of action where one does not exist. This ambiguity is underscored by the fact that sales of Ontak® for non-FDA-approved treatments can occur simply because a physician makes an independent decision to prescribe them in other kinds of cancer.[4] Nowhere does Plaintiff allege that sales representatives could not meet their goals by promoting Ontak® solely for approved uses. Indeed, Plaintiff alleges he was a top performer with high sales numbers (Comp. ¶ 26), but does not suggest he promoted Ontak® illegally.

In light of the ambiguity of his alleged complaints, Plaintiff should be required to specifically allege facts from which one could conclude that he put Eisai on notice that it was engaging in the violation of a law, rule or regulation, and that he objected to that activity. It is not enough for Plaintiff to secretly harbor such a belief. Nor is it appropriate for a plaintiff to attempt to turn a run-of-the-mill employment dispute into a whistleblower claim simply because his termination would not otherwise be actionable.

Plaintiff appears to concede that he objected only to Eisai's compensation and bonus structure, but tries to shoehorn that complaint into an FWPA claim by arguing that the compensation and bonus structure were "simply a cog in its machine of deceptive and unlawful marketing of a very dangerous drug for uses other than those for which it was intended and approved by the FDA." (Resp., p.7) Plaintiff's after-the-fact argument that the bonus and compensation structure was a cog in a wheel of deceptive marketing, does not turn Plaintiff's complaint about the compensation structure into an objection to illegal activity on the part of Eisai. Both federal and Florida courts addressing the FWPA have made clear that the employer

---

[4] Plaintiff's contends that "[i]t is of no moment that physicians can decide for themselves to utilize a particular drug for a non-FDA approved use." (Resp., n.3). That statement attempts to have this Court disregard a fact that is of significance here -- physicians are permitted to prescribe Ontak® for cancer indications that are not within the approved label for the medication; that they do so does not equate to Eisai violating any law, rule or regulation. (*See* Motion, n.1 and p. 14.)

must be made aware that the plaintiff is objecting to an alleged illegal activity, and that mere objection to an employer's internal policies and practices is not sufficient to state a claim under the FWPA.  *See, e.g.*, *Bush v. Raytheon Co.*, No. 09-15156, 2010 U.S. App. LEXIS 7471, at * 9-11 (11th Cir. Apr. 12, 2010); *Lawson*, 2006 U.S. Dist. LEXIS 47082, at *7-8; *Forrester*, 643 So. 2d at 1111-12; *Schultz*, 704 So. 2d at 606.  That Plaintiff disagreed with Eisai about how his sales goals and compensation structure were set, does not establish a basis for a plausible claim under the FWPA.

Further, Plaintiff's Response does not attempt to distinguish the federal cases Eisai cites on this issue (Motion, pp. 11-14).  *Bush*, 2010 U.S. App. LEXIS 7471, at *9-11 (Eleventh Circuit affirmed a Middle District of Florida order granting summary judgment in favor of the employer on a FWPA claim, in part because Plaintiff did not explicitly object to the employer's alleged illegal conduct on False Claims Act grounds; "subtle" objection not sufficient); *Lawson*, 2006 U.S. Dist. LEXIS 47082, at *7-8 (granting summary judgment in favor of Defendant on a FWPA claim on the basis that Plaintiff merely objected to a violation of a company policy against sexual harassment, which did not constitute a law, rule or regulation under FWPA); *see* Motion, pp. 13-14.

Plaintiff also does not address the holding in *Little v. Foster Wheeler Constructors, Inc.*, No. 09-61003-CIV-SELTZER, 2010 U.S. Dist. LEXIS 51082 (S.D. Fla. May 24, 2010), that the plaintiff's FWPA action failed as a matter of law because although plaintiff complained of illegal sexual harassment, illegal drug use and drug-testing irregularities, plaintiff could not cite any law, rule or regulation of which she complained or which she believed defendant violated.  *Id*. at *26-30.

**Plaintiff Must Allege He was Terminated as a Result of His Alleged Objection to or Refusal to Participate in the Illegal Activity.**  Because, for the reasons set forth above, Plaintiff has failed to sufficiently identify a law, rule or regulation Eisai allegedly violated, or that he objected to same, he necessarily has not alleged that he was terminated as a result of that activity. But even assuming Plaintiff had properly alleged the two elements discussed above, Plaintiff has failed to establish that his Complaint contains allegations sufficient to establish a plausible claim that he was terminated as a result of that activity.  Plaintiff points to paragraph 26 as setting forth this element of his claim.  (Resp., p. 9.)

Plaintiff's citation to paragraph 26 of the Complaint underscores his inability to make the requisite allegations to state a claim under the FWPA.  Reading the Complaint in the light most favorable to Plaintiff, paragraph 26 describes activity that occurred "[d]irectly following Plaintiff's warning to Rayburn."  Paragraph 25 describes this alleged warning:  "Plaintiff warned a new sales representative, Barbara Rayburn, about the high rate of use of Ontak for the non-FDA approved treatment of melanoma at the University of Louisville, and the difficulty she might possibly have in achieving her sales goals because of it."  Plaintiff's alleged warning to a co-worker that she might have difficulty meeting her sales goals because of the high rate of use of Ontak® by a doctor in her territory for non-approved treatments, is first of all non-sensical when one considers that plaintiff alleges Eisai was pushing such sales, but more importantly fails to establish that Plaintiff objected to Eisai about an illegal activity on the part of Eisai.  That any adverse employment actions followed as a result of this warning to his co-worker, as Plaintiff alleges, fails to establish a viable claim under the FWPA.  Taken in the light most favorable to Plaintiff, this paragraph describes an internal company dispute over Eisai's method of setting its sales goals, which even if the sole reason for Plaintiff's termination, is not actionable under the

FWPA.  *See, e.g.*, *Lawson*, 2006 U.S. Dist. LEXIS 47082, at *7-8; *Forrester,* 643 So. 2d at 1111-12; *Sussan*, 723 So. 2d at 933-934; *Schultz*, 704 So. 2d at 606.[5]

Accordingly, Plaintiff's claim also fails because he has not alleged facts sufficient to state a plausible claim that he was terminated because of his objection or refusal to participate in any alleged illegal activity.  *See Sierminski v. Transouth Fin'l Corp.*, 216 F.3d 945, 950-951 (11th Cir. 2000); *White*, 369 F. Supp. 2d at 1336; *Sussan*, 723 So. 2d at 933-934.

**Plaintiff Has Failed to Satisfy the Pleading Standard Set Forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).**  For the reasons set forth herein, plaintiff's Complaint fails to allege facts sufficient to state a claim that is plausible on its face.  Thus, based on the Supreme Court authority of *Twombly*, it should be dismissed.[6]

## CONCLUSION

Accordingly, Defendant Eisai Inc. respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.

---

[5] Indeed, it appears Plaintiff has injected this "warning" allegation to attempt to provide a bridge between his earlier alleged "complaints" regarding sales goals and compensation -- which according to paragraph 23 occurred at a meeting in October 2008 -- to his termination six months later in April 2009.

[6] Plaintiff discusses the Florida state court pleading standard in footnote 1 of his Response.  Plaintiff's numerous pleading deficiencies should not be excused because his Complaint was originally filed in Florida state court; Plaintiff's complaint would also have been deficient under the Florida Rules of Civil Procedure, which require plaintiff to set forth "a short and plain statement of the ultimate specific facts showing that the pleader is entitled to relief."  Fla. R. Civ. P. 1.110(b).  That standard, however, is not applicable to this federal court action.  *See Dixon v. Countrywide Home Loans, Inc.*, No. 10-80216-CIV-Dimitrouleas, 2010 U.S. Dist LEXIS 54292, *1, 6-9, 24 (S.D. Fla. May 7, 2010) (in action that was removed to federal court based on diversity jurisdiction, dismissing plaintiff's complaint under the standard set forth in Rule 8 of the Federal Rules of Civil Procedure).

Dated:  July **26**, 2010                            Respectfully submitted,

*/s/ Patricia E. Lowry*
Patricia E. Lowry
Florida Bar No. 332569
E-mail:  plowry@ssd.com
Amy Bloom
Florida Bar No. 0506893
Email:  amy.bloom@ssd.com
Maria Jose Moncada
Florida Bar No. 0773301
Email:  mmoncada@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone:  561-650-7200
Facsimile:   561-655-1509

***Attorneys for Defendant Eisai Inc***.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July **26**, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Filing electronically.

/s/ *Amy Bloom*
Amy Bloom

## SERVICE LIST

*Michael Keeler v. Eisai Inc*.

**Case No. 0:10-cv-60959-WJZ-ZLOCH/ROSENBAUM**

Susan L. Dolin
Florida Bar No. 708690
Email:  sdolin@dolinlawgroup.com
**SUSAN L. DOLIN, P.A.**
9000 Sheridan Street
Suite 93
Pembroke Pines, FL 33024
Telephone:  954-862-2284
Facsimile:  954-862-2287

*Attorneys for Plaintiff Michael Keeler*

Patricia E. Lowry
Florida Bar No. 332569
Email:  plowry@ssd.com
Amy Bloom
Florida Bar No. 0506893
Email:  amy.bloom@ssd.com
Maria Jose Moncada
Florida Bar No. 0773301
Email:  mmoncada@ssd.com
**SQUIRE, SANDERS & DEMPSEY, L.L.P.**
1900 Phillips Point West
777 S. Flagler Drive
West Palm Beach, FL 33401
Telephone:  561-650-7200
Facsimile:  561-655-1509

*Attorneys for Defendant Eisai Inc*.

WESTPALMBEACH/571509