UNITED STATES DISTRICT COURT
SOIJTHERN DISTRICT OF FLORIDA
CASE NO: 10-cv-60959-WJZ-ZLOCH/ROSENBAUM

MICHAEL KEELER,

    Plaintiff,

v.

EISAI, INC., a foreign
profit corporation,

    Defendant.
_____/

**PLAINTIFF MICHAEL KEELER"S UNOPPOSED MOTION FOR
ENLARGEMENT OF TIME FOR PARTIES TO FILE RULE 26 AND JOINT SCHEDULING REPORTS
AND INCORPORATED MEMORANDM OF LAW**

COMES NOW the Plaintiff, MICHAEL KEELER, by and through his undersigned counsel, and, pursuant to Fed. F. Civ. P. 26 and S.D.L. Gen R. 16.1, hereby requests and enlargement of time for the Parties to file their Joint Scheduling Order and serve their Rule 26 disclosures, and in support shows as follows:

1.    Plaintiff MICHAEL KEELER ("KEELER") filed his Complaint alleging that Defendant, EISAI, INC., KEELER'S former employer, terminated his employment and otherwise took adverse employment actions against him in violation of the Florida Whistleblowers' Protection Act ("FWBPA"), Section 448.101 *et seq.,* Fla. Stat. The Complaint was filed in the 17th Judicial Circuit in and for Broward County, Florida on May 12, 2010. Plaintiff also filed, along with the Complaint, a first set of interrogatories, a request for production, and requests for admissions.

2.    Defendant EISAI, INC ("EISAI") *r*emoved the action to this Court on June 8, 2010, on the basis of diversity jurisdiction. As the Court is aware, once the action has been removed, the discovery served with the State court complaint became a legal nullity inasmuch as discovery cannot be served in a federal court action until the parties have completed their Rule 26 disclosures.

   *3.*  On June 22, 2010, Defendant filed a Motion to Dismiss the Complaint in its entirety.

   4.  Plaintiff filed his response in opposition to Defendant's Motion to Dismiss on July 14, 2010.

   5.  Defendant filed its Reply to Plaintiff's Response on July 26, 2010.

   7.  In the interim, Plaintiff's undersigned counsel telephoned Amy Bloom, Esq., shortly after she entered an appearance in this matter by filing the removal papers, in order to discuss a time for the Rule 16.b and Rule 26 scheduling conferences.  Undersigned counsel explained that she had long-standing vacation plans for the period between August 21, 2010 and September 12, 2010, and wanted to get the conference accomplished and the required reports filed prior to her departure.  The reports were actually due by August 31, 2010.

   8.  Ms. Bloom informed Plaintiff's counsel that she preferred to wait until the time for filing the required reports drew nearer to have the conference.  During that conversation, Plaintiff's counsel informed Ms. Bloom that she was a sole practitioner.

   9.  On July 25, 2010, Plaintiff's counsel filed her Notice of Unavailability for the abve-referenced dates, among others.  She also calendared August 15, 2010 to contact defense counsel for the Rule 16.b and Rule 26 conference so the required reports could be discussed, prepared and filed prior to her departure on Saturday, August 21, 2010.

   10.  On or about August 15, 2010, Ms. Bloom in fact contacted Plaintiff's counsel to discuss the Rule 26 disclosures and the Rule 16.b joint scheduling report.  Ms. Bloom, after the conference, stated that she would prepare the joint scheduling report and provide it to Plaintiff's counsel in sufficient time prior to Plaintiff's counsel's departure.  Plaintiff's counsel explained to defense counsel that she wanted to have the required reports filed by Friday, June 20, 2010, because she was going to have sporadic cell coverage and sporadic internet service as she was going to be in the Southwest in remote areas.

11. Ms. Bloom assured Plaintiff's counsel that she would have the draft reports ready no later than Thursday, August 20, 2010.

12. Ms. Bloom did not provide any draft reports on the above-referenced date. Rather, she telephoned Plaintiff's counsel's office on Friday, August 20, 2010, and stated that her client did not have time to review the proposed draft and that she would have it to Plaintiff's counsel on Monday, August 23, 2010, apologizing that Plaintiff's counsel "would have to work on her vacation".

13. No draft report was forthcoming until Thursday, August 26, 2010, and then it came by facsimile. As Plaintiff's counsel was out of cell phone range, she was unaware that the draft had been received by her office until she was back in cell phone range on Sunday, August 29, 2010.

14. At this juncture, Plaintiff's counsel telephoned defense counsel Amy Bloom and proposed that the parties needed to request an enlargement of time to file both reports as she was not in possession of her paper file on the matter and could not meaningfully review and prepare either a joint scheduling report or Rule 26 disclosures. Ms. Bloom agreed that under the circumstances, the parties would in fact require an enlargement of time to file their Reports and serve their Disclosures.

15. Plaintiff serves this Motion for good cause shown and not for purposes of delay.

WHEREFORE, Plaintiff MICHAEL KEELER respectfully requests that this Court grant an enlargement of time until September 17, 2010 for the parties to file their Joint Scheduling Report and serve their Rule 26 disclosures.

    Respectfully submitted,

    SUSAN L. DOLIN, P.A.
    Counsel for Plaintiff
    9000 Sheridan Street
    Suite 93
    Pembroke Pines, FL  33024
    Tel.:  954-862-2284
    Fax:  954-862-2287
    Email:  sdolin@dolinlawgroup.com

By: /s/  Susan L. Dolin, Esq.
FBN:  708690

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:  10-CV-60959-WJZ-ZLOCH/ROSENBAUM

MICHAEL KEELER,

    Plaintiff,

v.

EISAI, INC., a foreign
Profit corporation,

    Defendant.
_____/

**ORDER GRANTING MOTION FOR ENLARGEMENT OF TIME
FOR PARTIES TO FILE JOINT SCHEDULING REPORT AND SERVING
RULE 26 DISCLOSURES**

    THIS MATTER, having come before the Court upon the Plaintiff's Motion for Enlargement of Time for the Parties to file their Rule 16.1.b Joint Scheduling Report and to serve their Rule 26 disclosures,

    AND THE COURT having reviewed the Motion and noting that it is unopposed and being otherwise advised,

    IT IS NOW ORDERED that Plaintiff's Motion is GRANTED.  The Parties shall file their Joint Scheduling Report pursuant to S.D.L.R. `16.1.b and serve their Rule 26 disclosures no later than Friday, September 17, 2010.

    _____
    UNITED STATES DISTRICT JUDGE

cc:  All counsel of record

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of August, 2010, I electronically filed the foregoing documents with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

SUSAN L. DOLIN, P.A.
**Counsel for Plaintiff**
9000 Sheridan Street
Suite 93
Pembroke Pines, FL  33024
Tel.:  954-862-2284
Fax:   954-862-2287
E-mail:  sdolinlaw@aol.com

By: s/  Susan L. Dolin
FBN:   708690

**SERVICE LIST**

**Keeler v. Eisai, Inc.**
**United States District Court**
**Southern District of Florida**
**Case No.: 10-cv-60959-WJZ-ZLOCH/ROSENBAUM**

Susan L. Dolin, P.A.
Counsel for Plaintiff
Susan L. Dolin, Esq.
FBN:  708690
9000 Sheridan Street
Suite 93
Pembroke Pines, Florida  33024
Tel.: 954-862-2284
Fax: 954-862-2287
Email:  sdolin@dolinlawgroup.com
*Via CM/ECF*

Squire, Sanders & Dempsey, LLP
Counsel for Defendant
Patricia E. Lowry, Esq.
FBN:  332569
Email: plowry@ssd.com
Amy Bloom, Esq.
FBN::  0506893
Email: amy.bloom@ssd.com
Maria Jose Moncada, Esq.
FBN:  0773301
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Tel.: 561-650-7200
Fax: 561-655-1509
*Via CM/ECF*