IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:10-cv-60959-WJZ-ZLOCH/ROSENBAUM

MICHAEL KEELER,

       Plaintiff,

vs.

EISAI INC., a foreign
profit corporation,

       Defendant.
_____/

## JOINT SCHEDULING REPORT, JOINT DISCOVERY PLAN -and- JOINT PROPOSED SCHEDULING ORDER

Plaintiff, Michael J. Keeler, and Defendant Eisai Inc., file this report pursuant to L.R. 16.1(B)(2) of the Local Rules of the United States District Court for the Southern District of Florida and Rule 26(f) of the Federal Rules of Civil Procedure, following an August 17, 2010 conference among the parties:

(a)     **Likelihood of Settlement:**  At this time, the parties believe settlement of this action is possible.  Accordingly, the parties request that any required mediation be scheduled between **October 15, 2010 and November 15, 2010**.  The parties agree that if this matter is not resolved at mediation during this timeframe, they will not deem this an impasse and that mediation will be adjourned and continued after additional discovery is had between the parties.

(b)     **Likelihood of Appearance of Additional Parties:**  At this time, it is unknown whether additional parties may be joined as plaintiffs, defendants, or third-parties.

(c)     **Proposed Time Limits:**

*(i)  To Join Other Parties:*  The parties will seek to join any additional parties no later than **February 1, 2011**.

*(ii)  Pretrial Motions:*  The parties agree to submit motions for summary judgment, all other dispositive motions and *Daubert* motions no later than **July 1, 2011**.  The parties request that motions for summary judgment and dispositive motion be heard by **September 1, 2011**.

**The parties could not agree on the schedule for filing and hearing motions in limine.**

Defendant proposes that the parties submit all other pre-trial motions, including motions in limine, before **August 1, 2011** and that the pre-trial motions, including motions in limine, be heard by **October 1, 2011**.

Plaintiff proposes that the parties submit all other pretrial motions except motions in limine before **August 1, 2011**.  Plaintiff proposes that motions in limine be submitted one week prior to the pre-trial conference and heard at the pre-trial conference.  Plaintiff proposes that pre-trial motions with the exception of motions in limine be heard by **October 1, 2011.**

*(iii)  Formal Fact Discovery:*  The trial of this matter is expected to require over 5 days of trial.  Thus, pursuant to S.D.Fla. Local Rule 16.1(A)(2), this case should be assigned to a "Standard Track" in which discovery shall be completed within 180 to 269 days from the date of the Scheduling Order.

**(d)**     **Proposals for Simplification of Issues:**  At this point, the parties are not aware of a means to simplify the issues, or eliminate particular claims or defenses.  As discovery progresses, however, the parties will work together to formulate and/or simplify the issues.

(e)      **Amendments to Pleadings:**  In the event that pleading amendments are needed, motions to amend shall be filed no later than **March 1, 2011**.

(f)      **Possibility of Admissions and Stipulations:**  At this point, the parties are not aware of the possibility of any admissions or stipulations that will avoid the need for proof or advance rulings from the Court.  As discovery progresses, however, the parties will reexamine whether the possibility for such admissions or stipulations exists.

(g)      **Suggestions Regarding Proof and Evidence:**  At this point, the parties do not have any joint suggestions to avoid the need for proof or evidence on particular issues.  As discovery progresses, however, the parties will reexamine whether proof is necessary on particular issues in order to avoid unnecessary use of judicial resources.

(h)      **Suggestions on the Advisability of Referral to Magistrate Judge or Master:** The parties do not request nor consent to referral of matters to the magistrate judge at this time.

(i)      **Preliminary Estimate of Time for Trial:**  The parties estimate that the trial of this case will require approximately 6-9 days.

(j)      **Requested Dates for Conferences and/or Trial:**  The parties request that the pre-trial conference be held on or after **October 3, 2011** and trial should be set on trial calendar commencing on or after **October 17, 2011**.

(k)      **Other Information:**  Defendant intends to circulate a proposed protective order regarding the confidential treatment of documents they produce in this case.  The parties are not aware of any additional information at this time that might be helpful to the Court in setting the case for status or pretrial conference.

(l)      **Jury/Non-Jury:**  The parties have requested a jury trial.

(m)      **Pursuant to Rule 26(f) the parties state that:**

(1)     The parties' Rule 26(a)(1) disclosures will be made by noon on September 17, 2010 per the Court's September 3, 2010 order.

(2)     Discovery will be needed on subjects, including but not limited to Plaintiff's employment, performance and termination at Eisai Inc. and whether Plaintiff objected to, or refused to participate in a marketing activity, policy or practice of Eisai that was in violation of a law, rule or regulation.  The parties suggest that discovery should be conducted as set forth in the Proposed Discovery Plan, see paragraph (n) below, and that discovery not be conducted in phases.  As additional facts become known through discovery, the parties may learn that they need discovery on additional subjects and reserve the right to obtain such discovery.

(3)     The parties do not anticipate any issues with disclosure or production of electronically stored information.

Plaintiff will produce documents he maintains in paper format with Bates numbers.  Plaintiff will produced documents it maintains in electronic format on CD or DVD as set forth in this Report.

The parties agree that disclosure of electronically stored information will be in PDF format and on a rolling basis.

a.     General Format of Production:  Except as limited by paragraph (3) and  Paragraphs k and l below, all documents that originally existed in hard-copy or native electronic form shall be produced at each party's own expense in electronic image format in the manner provided herein.  Each document's electronic image shall convey the same information and image as the original document.  Documents that present imaging or formatting problems shall be promptly identified and the parties shall meet and confer to attempt to resolve the problems.

b.      <u>Document Image Format</u>:  Except as provided above and in paragraph k, all production document images will be provided in a PDF format.  Images are to be reduced by 10% to allow for a dedicated space for numbering and stamping of documents.  Each page of a produced electronic document shall be sequentially marked with a legible, Bates Number stamped or electronically "burned" onto the lower right hand corner of the document when viewed in portrait format.  "Confidential" and/or "Redacted" designations, if needed or required, are to be placed on the bottom of the document when viewed in portrait format in a location that does not obliterate or obscure any other information on the document.  In producing documents in hard copy, Plaintiff will stamp the word "Confidential" as set forth herein.

c.      <u>Document Unitization</u>:  Each page of a document shall be scanned or electronically saved into an image in accordance with Paragraph b.  If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original when creating the image file.

d.      <u>Bates Numbering</u>:  The parties shall use the following prefixes for purposes of providing Bates Numbers on items produced in accordance with this stipulation:

  i.      EISAI[BATES DESIGNATION]
  ii.     KEELER[INSERT BATES DESIGNATION]

No other legend or stamp will be placed on the document image other than a confidentiality legend (where applicable), redactions (consistent with applicable law or Court order), and the Bates Number identified above.

e.      <u>File Name Conventions</u>:  Each page image file shall be named with the Bates Number of the page of the document in PDF, followed by the extension ".PDF."  In the event the Bates Number contains a symbol and/or character that cannot be included in a file name, the symbol and/or character will be omitted from the file name.

f.    Document Production:  Documents, with the exception of those produced in hard copy, are to be produced on either CD, DVD or external hard drive.  The disc label shall contain the case name, the name of the party making the production, the date of the production, the Bates Number range contained on the disc, and the type of materials on the disc.  If place holders for oversized documents are contained in the Bates Number range on the disc, a notation that "Oversized copies are contained in this production" shall also be made on the disc label.

g.    Color:  All documents are to be produced in black and white; however, for documents that contain color, each party shall honor reasonable and specific requests for the production of color image(s) of such documents.  The cost for color images will be the responsibility of the party making the request.

h.    Duplicates:  In cases where multiple custodians possess identical copies of a document, only one copy of the document need be produced.  De-duplicated originals shall be securely retained and made available for inspection in accordance with the provisions of paragraph i.

i.    Original Documents:  The parties shall, upon reasonable request, make originals of any produced electronic document available for inspection by the requesting party, subject to any redactions made.

j.    Use of Documents:  When documents produced in accordance with this Stipulation are used in any of the above-captioned proceedings, including depositions, hearings, or trial, the image copy of documents as described in Paragraphs c-e or the hard copy produced shall be the copy used.

k.    Oversized Documents:  Documents that cannot be technically and legibly produced in the manner described in paragraph 2 above (e.g., documents having a size larger than 11 x 17 inches) shall be produced by scanning a representative identifying portion of the document as a place holder (e.g., a map or drawing legend) and numbering it as described in

paragraph 2 above.  A paper copy of the entire document shall then be made and numbered with the Bates Number corresponding to the place holder and stamped with any applicable "Confidential" or "Redacted" notations.  This paper copy shall be produced to each party along with the electronic production.

      l.     <u>Production of Other Electronic Documents:</u>  This stipulation only applies to the production of emails (and any associated attachments), word processing documents, spreadsheets, presentations, and imaged documents (in any format).  The parties shall meet and confer to agree on the form of the production of documents (electronic or hard copy) other than the foregoing.

      m.     <u>Custodial Files/Search Terms</u>:  The parties will make a good faith effort to agree in advance on the custodial files that will be searched and the search terms that will be applied to the files.  If they cannot reach an agreement, the parties will seek the Court's intervention to resolve such issues.

      (4)     Issues Regarding Claims of Privilege

      a.     <u>Privilege Log</u>: The parties agree that with respect to document(s) withheld because the document is protected by the attorney-client privilege, subject to the work product protection doctrine, or subject to a comparable privilege or protection, the party claiming the privilege shall provide a log identifying the document and providing the information required by Federal Rule of Civil Procedure 26(b)(5)(A) and S.D. Fla. L.R. 26.1(g)(3)(B)-(D).

      b.     <u>Claw-back Agreement</u>: In the event a party inadvertently produces a document(s) that would otherwise be covered by the attorney-client privilege, the work product protection doctrine, or a comparable privilege or protection, that party may, within seven (7) days after discovering the inadvertent disclosure, request that the protected document(s) be returned.  Upon such a request, there is a presumption that the applicable privilege or protection has not been waived.  The notified party shall make no further use of the protected documents(s) and shall return the purportedly privileged document(s) within ten (10) working days.  If the notified party wishes to challenge the applicability of the privilege or assert that the privilege has

been waived, then, the other party shall, within ten (10) working days from the request for the return of the document, make a written submission to the Court.  The party asserting the privilege shall respond within three (3) working days.  The notified party shall promptly return, sequester, or destroy and not use or disclose the document until the claim of privilege is resolved by the Court.

          c.      <u>Inadvertent Disclosure Not Waiver</u>: The parties agree that inadvertent disclosure of an otherwise privileged documents does not operate as a waiver in this or in other Federal or State proceedings if the producing party took reasonable steps to prevent disclosure and the producing party took reasonable steps to rectify the error.

          d.      <u>Rule 502 Consideration</u>: The parties agree that any Court order issued under Federal Rule of Civil Procedure 16(b)(3) relating to document discovery or production shall contain a provision that, pursuant to Federal Rule of Evidence 502, any inadvertent disclosure of a privileged document(s) does not operate as a waiver of such privilege in any other Federal or State proceedings if the producing party took reasonable steps to prevent disclosure and rectify the error.

          (5)     At this time, the parties do not propose any additional changes in the limitations on discovery under the Federal Rules of Civil Procedure or the Local Rules of the Southern District of Florida.  Thus, the parties are not requesting that the Court impose any other changes or limitations.

          (6)     The parties do not request the entry of additional orders from the Court under Rule 26(a) or Rule 16(b) and (c).

      **(n)**     **Outline of Proposed Discovery Plan and Suggested Trial Date**

The parties propose the following Discovery Plan, pre-trial deadlines and trial date:

**09/17/10** (noon)          Parties to comply with Fed. Rule Civ. P. 26(a)(1)

**10/15/10 - 11/15/10**          Parties shall conduct mediation

**03/01/11**          Last day to join additional parties and amend pleadings

| | |
|---|---|
| **06/01/11** | Fact and expert discovery closed |
| **07/01/11** | Last day to file dispositive motions and *Daubert* motions |
| **07/15/11** | Parties exchange and file Pre-trial Disclosures |
| **08/01/11** | Last day to file all other motions, trial briefs; parties meet to discuss the items listed in Local Rule 16.1.D and to prepare the Pre-trial Stipulation |
| **09/15/11** | Parties file the Pre-trial Stipulation |
| **10/03/11** | Pretrial Conference (on or after this date) |
| **10/17/11** | Trial (on or after this date) |

As explained on page 2 of this Report, the parties could not agree on the timing for filing and hearing motions in limine. Their separate proposals with respect to motions in limine are set forth on page 2 of this Report.

The parties could not agree on the schedule for expert discovery.

Defendant proposes the following schedule for expert discovery:

| | |
|---|---|
| **01/03/11** | Last day for Plaintiff to identify expert witnesses, serve Rule 26(a)(2) reports and provide reasonable schedule of deposition dates |
| **01/15/11 - 02/15/11** | Defendant may depose Plaintiff's experts |
| **02/15/11** | Last day for Defendant to identify expert witnesses, serve Rule 26(a)(2) reports and provide reasonable schedule of deposition dates |
| **03/01/11 - 04/01/11** | Plaintiff may depose Defendant' experts |
| **03/15/11** | Last day for Defendant to identify rebuttal experts and provide reasonable dates for depositions |
| **04/15/11** | Last day for Plaintiff to depose Defendant's rebuttal experts |
| **05/01/11** | Last day for Plaintiff to identify rebuttal experts and provide reasonable dates for depositions |

**06/01/11**                          Last day for Defendant to depose Plaintiff's rebuttal experts

**Plaintiff proposes the following schedule for expert discovery:**

**04/15/10**                          Last day for Plaintiff and Defendant to identify expert witnesses, serve Rule 26(a)(2) reports and provide reasonable schedule of deposition dates

**04/30/10**                          Last day for Plaintiff and Defendant to identify rebuttal expert witnesses, serve Rule 26(a)(2) reports and provide reasonable schedule of deposition dates

**06/01/10**                          Complete depositions of Plaintiff's and Defendant's experts

Any party may seek leave of the Court to extend these dates upon a showing of good cause.

(o)     **Joint Proposed Scheduling Order**

Pursuant to Local Rule 16.1.B, the parties have completed Attachment A, the Joint

Proposed Scheduling Order.

Dated:  September **17**, 2010.

Respectfully submitted,

| /s/  Susan L. Dolin | /s/  Amy Bloom |
|---|---|
| Susan L. Dolin | Patricia E. Lowry |
| Florida Bar No. 708690 | Florida Bar No. 332569 |
| Email:  sdolin@dolinlawgroup.com | Email:  plowry@ssd.com |
| **SUSAN L. DOLIN, P.A.** | Amy Bloom |
| 9000 Sheridan Street | Florida Bar No. 0506893 |
| Suite 93 | Email:  amy.bloom@ssd.com |
| Pembroke Pines, FL 33024 | Maria Jose Moncada |
| Telephone:  954-862-2284 | Florida Bar No. 0773301 |
| Facsimile:  954-862-2287 | Email:  mmoncada@ssd.com |
| | **SQUIRE, SANDERS & DEMPSEY, L.L.P.** |
| ***Attorneys for Plaintiff Michael Keeler*** | 1900 Phillips Point West |
| | 777 S. Flagler Drive |
| | West Palm Beach, FL 33401 |
| | Telephone:  561-650-7200 |
| | Facsimile:  561-655-1509 |
| | |
| | ***Attorneys for Defendant Eisai Inc.*** |

WESTPALMBEACH/573696.1