IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:10-cv-60959-WJZ-ZLOCH/ROSENBAUM

MICHAEL KEELER,

      Plaintiff,

vs.

EISAI INC., a foreign
profit corporation,

      Defendant.
_____/

## JOINT PROPOSED SCHEDULING ORDER

THIS CAUSE came before the Court pursuant to S.D.Fla. Local Rule 16.1.B.3., and the Court having reviewed the Joint Scheduling Report and Joint Proposed Discovery Plan submitted by the parties, and being otherwise fully advised in the premises, it is hereby,

ORDERED that the discovery schedule and pre-trial procedures shall be as follows:

The parties are directed to meet the agreed upon terms and time limits set forth in their Joint Proposed Scheduling Report for the discovery schedule and pre-trial deadlines as more specifically set forth below:

    (a)    <u>Case Management Track</u>:  Pursuant to Local Rule 16.1(a)(2)(b), this case shall to be assigned to the Standard Track.

    (b)    <u>Discovery Schedule</u>:  The Court adopts the following detailed discovery schedule as set forth in the parties' Proposed Discovery Plan:

The parties propose the following Discovery Plan, pre-trial deadlines and trial date:

**09/17/10 Noon**              Parties to comply with Fed. Rule Civ. P. 26(a)(1)

| | |
|---|---|
| **10/15/10 - 11/15/10** | Parties shall conduct mediation |
| **03/01/11** | Last day to join additional parties and amend pleadings |
| **06/01/11** | Fact and expert discovery closed |
| **07/01/11** | Last day to file dispositive motions and *Daubert* motions |
| **07/15/11** | Parties exchange and file Pre-trial Disclosures |
| **08/01/11** | Last day to file other motions, trial briefs; parties meet to discuss the items listed in Local Rule 16.1.D and to prepare the Pre-trial Stipulation |
| **09/15/11** | Parties file the Pre-trial Stipulation |
| **10/03/11** | Pretrial Conference (on or after this date) |
| **10/17/11** | Trial (on or after this date) |

**The parties were not in agreement with respect to the schedule for expert discovery in this action. The parties shall follow the expert discovery schedule proposed by [PLAINTIFF] [DEFENDANT] in the parties' Joint Rule 26 Report.**

**The parties shall file pre-trial motions and motions in limine as further set forth on page 7 of this Order.**

Any party may seek leave of the Court to extend these dates upon a showing of good cause.

<u>Electronically Stored Information</u>:  Disclosure of electronically stored information will be in PDF format and on a rolling basis, provided that all documents or other evidence shall be produced no later than the close of discovery.

      a.    <u>General Format of Production:</u>  Except as limited by Paragraphs k and l below, all documents that originally existed in hard-copy or native electronic

2

form shall be produced at each party's own expense in electronic image format in the manner provided herein.  Plaintiff will produce documents he maintains in paper format in paper format with Bates numbers.  Plaintiff will produced documents he maintains in electronic format on CD or DVD as set forth in this Order.  Each document's electronic image shall convey the same information and image as the original document.  Documents that present imaging or formatting problems shall be promptly identified and the parties shall meet and confer to attempt to resolve the problems.

     b. <u>Document Image Format</u>:  Except as provided in paragraphs 3 and k, all production document images will be provided in a PDF format.  Images are to be reduced by 10% to allow for a dedicated space for numbering and stamping of documents.  Each page of a produced electronic document shall be sequentially marked with a legible, Bates Number stamped or electronically "burned" onto the lower right hand corner of the document when viewed in portrait format.  "Confidential" and/or "Redacted" designations, if needed or required, are to be placed on the bottom of the document when viewed in portrait format in a location that does not obliterate or obscure any other information on the document.

     c. <u>Document Unitization</u>:  Each page of a document shall be scanned or electronically saved into an image in accordance with Paragraph b.  If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original when creating the image file.

     d. <u>Bates Numbering</u>:  The parties shall use the following prefixes for purposes of providing Bates Numbers on items produced in accordance with this stipulation:

       i. EISAI[BATES DESIGNATION]
       ii. KEELER[INSERT BATES DESIGNATION]

No other legend or stamp will be placed on the document image other than a confidentiality legend (where applicable), redactions (consistent with applicable law or Court order), and the Bates Number identified above.

      e.    File Name Conventions:  Each page image file shall be named with the Bates Number of the page of the document in PDF, followed by the extension ".PDF."  In the event the Bates Number contains a symbol and/or character that cannot be included in a file name, the symbol and/or character will be omitted from the file name.

      f.    Document Production:  Documents are to be produced on either CD, DVD or external hard drive, with the exception of the hard copies produced by Plaintiff.  The disc label shall contain the case name, the name of the party making the production, the date of the production, the Bates Number range contained on the disc, and the type of materials on the disc.  If place holders for oversized documents are contained in the Bates Number range on the disc, a notation that "Oversized copies are contained in this production" shall also be made on the disc label.

      g.    Color:  All documents are to be produced in black and white; however, for documents that contain color, each party shall honor reasonable and specific requests for the production of color image(s) of such documents.  The cost for color images will be the responsibility of the party making the request.

      h.    Duplicates:  In cases where multiple custodians possess identical copies of a document, only one copy of the document need be produced.  De-duplicated originals shall be securely retained and made available for inspection in accordance with the provisions of paragraph i.

      i. <u>Original Documents</u>:  The parties shall, upon reasonable request, make originals of any produced electronic document available for inspection by the requesting party, subject to any redactions made.

      j. <u>Use of Documents:</u>  When documents produced in accordance with this Stipulation are used in any of the above-captioned proceedings, including depositions, hearings, or trial, the image copy of documents as described in Paragraphs c-e shall be the copy used.

      k. <u>Oversized Documents</u>:  Documents that cannot be technically and legibly produced in the manner described in paragraph 2 above (e.g., documents having a size larger than 11 x 17 inches) shall be produced by scanning a representative identifying portion of the document as a place holder (e.g., a map or drawing legend) and numbering it as described in paragraph 2 above.  A paper copy of the entire document shall then be made and numbered with the Bates Number corresponding to the place holder and stamped with any applicable "Confidential" or "Redacted" notations.  This paper copy shall be produced to each party along with the electronic production.

      l. <u>Production of Other Electronic Documents:</u>  This stipulation only applies to the production of emails (and any associated attachments), word processing documents, spreadsheets, presentations, and imaged documents (in any format).  The parties shall meet and confer to agree on the form of the production of documents (electronic or hard copy) other than the foregoing.

      m. <u>Custodial files/Search Terms</u>:  The parties will make a good faith effort to agree on the custodial files that will be produced and the search terms that will be applied to their production.  If they cannot reach an agreement, the parties will seek the Court's intervention to resolve such issues.

    (4) Issues Regarding Claims of Privilege

      a. <u>Privilege Log</u>:  With respect to document(s) withheld because the document is protected by the attorney-client privilege, subject to the work product protection

5

doctrine, or subject to a comparable privilege or protection, the party claiming the privilege shall provide a log identifying the document and providing the information required by Federal Rule of Civil Procedure 26(b)(5)(A) and S.D. Fla. L.R. 26.1(g)(3)(B)-(D).

        b.    <u>Claw-back Agreement</u>: In the event a party inadvertently produces a document(s) that would otherwise be covered by the attorney-client privilege, the work product protection doctrine, or a comparable privilege or protection, that party may, within seven (7) days after discovering the inadvertent disclosure, request that the protected document(s) be returned.  Upon such a request, there is a presumption that the applicable privilege or protection has not been waived.  The notified party shall make no further use of the protected documents(s) and shall return the purportedly privileged document(s) within ten (10) working days.  If the notified party wishes to challenge the applicability of the privilege or assert that the privilege has been waived, then, the other party shall, within ten (10) working days from the request for the return of the document, make a written submission to the Court.  The party asserting the privilege shall respond within three (3) working days.  The notified party shall promptly return, sequester, or destroy and not use or disclose the document until the claim of privilege is resolved by the Court.

        c.    <u>Inadvertent Disclosure Not Waiver</u>: The inadvertent disclosure of an otherwise privileged documents does not operate as a waiver in other Federal or State proceedings if the producing party took reasonable steps to prevent disclosure and the producing party took reasonable steps to rectify the error.

        d.    <u>Rule 502 Consideration</u>: Any Court order issued under Federal Rule of Civil Procedure 16(b)(3) relating to document discovery or production shall contain a provision that, pursuant to Federal Rule of Evidence 502, any inadvertent disclosure of a privileged document(s) does not operate as a waiver of such privilege in any other Federal or State proceedings if the producing party took reasonable steps to prevent disclosure and rectify the error.

(c)     Additional Parties and Amendment of Pleadings:  Motions to join additional parties and amend the pleadings shall be filed no later than **March 1, 2011**.

(d)     Filing of Pretrial Motions:

i.      Motions for summary judgment, all other dispositive motions, and *Daubert* motions shall be filed no later than **July 1, 2011**.

ii.     **The parties could not agree on the schedule for filing motions in limine and other pre-trial motions.**

**The court adopts Defendant's proposal for filing motions in limine and other pre-trial motions as follows:**  All other pretrial motions, including, motions in limine, shall be filed no later than **August 1, 2011.**

*[OR]*

**The court adopts Plaintiff's proposal for filing motions in limine and other pre-trial motions as follows:**  All other pretrial motions except motions in limine shall be filed no later than **August 1, 2011.**  Motions in limine shall be filed **no later than one (1) week prior to the pre-trial conference** and heard at the pre-trial conference.

(e)     Resolution of Pre-trial Motions:  All pre-trial motions will be resolved by _____.

(f)     Pre-trial Conference:  A pre-trial conference shall be held on _____.

  (g) <u>Commencement of Trial</u>:  Trial of this action shall commence on _____.

  DONE AND ORDERED in Chambers at Ft. Lauderdale, Florida this _____ day of _____, 2010.

            _____
            WILLIAM J. ZLOCH
            UNITED STATES DISTRICT JUDGE

Conformed Copies To:
All Counsel on Attached Service List

## SERVICE LIST

*Michael Keeler v. Eisai Inc*.

**Case No. 0:10-cv-60959-WJZ-ZLOCH/ROSENBAUM**

Susan L. Dolin
Florida Bar No. 708690
Email:  sdolin@dolinlawgroup.com
**SUSAN L. DOLIN, P.A.**
9000 Sheridan Street
Suite 93
Pembroke Pines, FL 33024
Telephone:  954-862-2284
Facsimile:  954-862-2287

*Attorneys for Plaintiff Michael Keeler*

Patricia E. Lowry
Florida Bar No. 332569
Email:  plowry@ssd.com
Amy Bloom
Florida Bar No. 0506893
Email:  amy.bloom@ssd.com
Maria Jose Moncada
Florida Bar No. 0773301
Email:  mmoncada@ssd.com
**SQUIRE, SANDERS & DEMPSEY, L.L.P.**
1900 Phillips Point West
777 S. Flagler Drive
West Palm Beach, FL 33401
Telephone:  561-650-7200
Facsimile:  561-655-1509

*Attorneys for Defendant Eisai Inc*.

WESTPALMBEACH/573697.1