UNITED STATES DISTRICT COURT
SOIJTHERN DISTRICT OF FLORIDA
CASE NO: 10-cv-60959-WJZ-ZLOCH/ROSENBAUM

MICHAEL KEELER,

    Plaintiff,

v.

EISAI, INC., a foreign
profit corporation,

    Defendant.
_____/

**PLAINTIFF MICHAEL KEELER'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT**

Plaintiff, by and through hIs undersigned attorneys, hereby gives notice of serving his First Set of Interrogatories, numbered 1-19, with the Complaint and Summons upon the Defendant , EISAI, INC. in accordance with Fed. R. Civ. P.34, to be responded to within 30 days of the date of service.

    SUSAN L. DOLIN, P.A.
    9000 Sheridan Street
    Suite 93
    Pembroke Pines, FL  33024
    Tel.:  954-862-2284
    Fax:  954-862-2287
    Email:  sdolin@dolinlawgroup.com


    By: /s/  Susan L. Dolin
        SUSAN L. DOLIN, ESQ., BCS
        FBN:  708690

**INSTRUCTIONS FOR ANSWERING**

a) Please note that all answers are to be made separately and fully and that an incomplete or evasive answer is a failure to answer. Where an interrogatory calls for an answer in more than one part, please separate the parts in your answer accordingly so that each part is clearly set out and understandable.

b) Where your knowledge or information in your possession is requested, such request includes knowledge or information in possession of your representatives, employees, agents, independent contractors, insurers, and, unless privileged, your attorneys.

c) If you have only incomplete knowledge of the answer to an interrogatory, please answer to the extent of your knowledge and state specifically what part or area of the Interrogatory you have only incomplete knowledge of and identify the person(s) who does or might have additional knowledge or information to complete the answer.

d) You may answer any interrogatory in whole or in part by attaching a document(s) which contains information sufficient to do so. Such document(s) may, if authenticated, be a copy of the original. Any document(s) used to answer an interrogatory may contain other information as well; however, the relevant portion of that document(s) must be so marked or indexed.

e) The term "document(s)" refers to all writings of any kind, including the originals and all nonidentical copies, whether different from the original by reason of any notation made on such copies or otherwise, including without limitation correspondence; memoranda; notes; diaries; statistics; letters; materials; invoices; orders; directives; interviews; telegrams; minutes; reports; studies; statements; transcripts; summaries; pamphlets; books; interoffice and intraoffice communications; notations of any sort of conversations, telephone calls, meetings or other communications; bulletins; printed matter; teletype; telefax; computer hard drives ("ESE"), e-mails, worksheets; and all drafts, alterations, modifications, changes and amendments of any of the foregoing; graphic or aural recordings or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, records, motion pictures; and electronic, mechanical, or electrical recordings or representations of any kind, including without limitation, tapes, cassettes, cartridges, discs, chips, and records.

f) Where the identity of a person is requested, please state his or her full name; any known nickname and aliases; age; social security number; present or last known home address and telephone number; present or last known position and business affiliation or employment and the address and telephone number there; and his or her employment and position at the time in question. For persons whose addresses are known to be inaccurate at this time, please state the most reliable contact address and contact person in your records.

g) Where a statement or description is requested, please include a specific account of what is being stated or described, including where applicable, without limitation, the date or time period involved; the identity of person(s) from whom the information was learned, who would have knowledge of that information, and/or who participated or were present; what happened in chronological order relating each identifiable event, response, act, or other thing; where by address and, if known, ownership and use, the occurrence took place; the context or circumstances in which the occurrence took place; and what response or reaction existed to cause the occurrence to take place and/or was made after the occurrence took place.

h) Unless otherwise indicated, the time period each interrogatory refers to is that of the occurrences described or referred to in the Complaint and any amendments thereto.

i) For each interrogatory, please identify the person(s) from whom the information contained in the answer is obtained and the person(s) who swear to the truth of that information.

j). The term "Defendant," "you," "your," "yours," or "you're" refers to the Defendant EISAI, INC.

k). The term "Plaintiff" means MICHAEL KEELER.

## INTERROGATORIES

1. Please state the name, address and telephone number of each person who participated in, or contributed to, answering these interrogatories.

2. Please identify persons who have knowledge of the following:

   i) Plaintiff's job performance and ability to fill the position of sales representative;

   ii) operation or application of any personnel handbook and Defendant's practices regarding orientation, discipline, job evaluation, promotion, layoffs, and discharges;

   iii) meetings, conferences, or discussions among EISAI management where Plaintiff's internal complaints about marketing Ontak for non-FDA approved uses were discussed;

   iv) Keeler's job performance, and/or termination were discussed;

   v) the salary, including fringe benefits, received by Plaintiff at the time of his termination from Defendant's employ;

   vi) the job performance of Plaintiff's supervisors, including but not limited to Leslie Marani ; Randy Lawson; Brad Pierson; Heather Percy; Larry Kristoff; David Trexler; Steve Vickers; and Keith Woods.

   vii) complaints by other sales representatives about the marketing of Ontak for non-FDA approved uses, including but not limited to Barbara Rayburn, Donna Weise, Mark Rosser, Janice Evans and Brian Cullins

      viii).    the names of witnesses with knowledge or information relevant to the subject matter of this action, including addresses if known, and the nature and substance of <u>each</u> witness' knowledge;

      ix.    the existence, custodian, location, and general description of documents which reflect or relate to the allegations of Plaintiff's complaint.

3.    For each person identified in answer to Interrogatory No. 2, please state and describe what contact Defendant, through its management, representatives, employees, agents, independent contractors, insurers and/or attorneys has had with him or her pertaining to this lawsuit, and whether any written statements were obtained.

4. Please identify any experts who have knowledge secured in the course of their consultation with Defendant of Plaintiff and/or potential liability for violation of Plaintiff's rights under the Florida Whistleblower Protection Act.

5. Please state and describe each and every ground relied upon, known, and/or heard by Defendant to indicate or demonstrate that Plaintiff did not merit retention the sales representative or that his performance level was incompetent.

6. Please identify and list each sales representative employed by Defendant since Plaintiff's termination, and provide his or her salary, benefits, any anticipated increases in salary and current employment status each such employee.

7. Please describe the table of organization or hierarchy for EISAI, INC. and identify each person filling those positions at any time during Plaintiff's employment.

8. Please state and describe the employment practices and policies related to assignment, promotion, evaluation, discipline, discharge, and compensation of sales representatives.

9. Please state whether Defendant has acquired any evidence since Plaintiff's termination that Plaintiff would merit being terminated even if she had not been terminated previously.

10. Please describe every charge and/or lawsuit brought against Defendant alleging that the Plaintiff had complained about the violation of a law, rule or regulation and been retaliated against as a result of such complaint, indicating for each such suit the forum, the case or docket number, status, resolution, and contents, and please identify for each the person bringing the charge and/or lawsuit.

11. Please describe each conversation Plaintiff had with his supervisors and/or they had with Plaintiff that pertained to the violation by Defendant of a law, rule or regulation.

12. Please describe each conversation that any sales representative had with his or her supervisors and/or they had with the sales representatives that pertained to the violation by Defendant of a law, rule or regulation, including but not limited to Shirley Delung Hill, Chris Johnson, Tom Hillsberg, Ann Spect, Doug King and Plaintiff.

13. Please describe in detail all of the sales materials which were given to sales representatives to market Ontak.

14. Please state all of the doctors' names, addresses and telephone numbers to whom EISAI, INC. gave funds or grants in exchange for the promotion of Ontak for non-FDA approved uses.

15. Please state all bonuses and extra compensation, including but not limited to, non-monetary compensation such as vacations and trips, paid to sales representative for Ontak sales.

16. Please state the names, addresses and telephone numbers of all sales representatives who sold Ontak from the date EISAI, INC. acquired the rights to Ontak to present.

17. Please state the nature and type of training classes held for sales representatives who sold Ontak, including the dates of such classes, the materials used therein, and the content of the discussions; the date each such training class was held; who was in attendance at each training class, and who taught each such training class.

18. Please state EISAI, INC.'s gross revenues from the sales of Ontak for FDA-approved and non-FDA approved uses for each year since EISAI, INC. obtained the rights to Ontak.

19. Please state each and every reason for your termination of Plaintiff's employment, and state all documents which support each such reason.

I hereby swear or affirm that the foregoing answers to interrogatories are true and correct under penalty of perjury.

_____
NAME

_____
PRINT NAME

_____
TITLE

BEFORE ME , the undersigned authority, came the above-named individual, who is personally known to me or produced identification in the form of _____, and swore or affirmed to the truth of the above-stated Answers to Plaintiff's First Set of Interrogatories.

_____
NOTARY PUBLIC

_____
PRINT NAME

MY COMMISSION EXPIRES:

Case 0:10-cv-60959-WJZ Document 16 Entered on FLSD Docket 09/17/2010 Page 12 of 12