```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 10-60959-CIV-ZLOCH
```

MICHAEL KEELER,

      Plaintiff,

vs.                                       **ORDER ON TRIAL INSTRUCTIONS**

EISAI INC., a foreign profit
corporation,

      Defendant.
_____/

      SUA SPONTE, the Court hereby enters trial instructions to counsel of record.  The Order is necessitated both by the Court's observations and the Court's hope that this Order will inform the lawyers what will be expected of them in the courtroom.  It is hereby

      **ORDERED AND ADJUDGED:**

      1. The Court expects counsel to stand when addressing the Court unless excused by the Court.  Counsel will not approach the bench without permission of the Court.  Counsel are also to obtain permission before approaching the witness stand.  Counsel shall stand no closer to the witness than edge of the counsel table.

      2. Redirect and rebuttal are not to be a repetition of direct or the case-in-chief.

      3. Recross examination will not be permitted unless a clear showing is made that manifest injustice would otherwise occur.

      4. Objections to questions shall succinctly state the basis for the objection, e.g., leading, repetitive, ambiguous. No explanations of objections in the presence of the jury will be permitted.  If further explanation is necessary, counsel is to request a sidebar conference.

      5. Sidebar conferences are held at the discretion of the Court; requests are not automatically granted.

      6. The Court prefers that counsel use the lectern as much as practicable in order to help the jury hear all of the questions.

      7. <u>In all jury cases the Court expects requested jury instructions, together with verdict forms in civil cases, to be submitted no later than the date of the Pretrial Conference on a 3.5 diskette or CD-ROM formatted in WordPerfect</u>.

      8. <u>In all non-jury/bench trials, the Parties are required to provide the Court with proposed Findings of Fact and Conclusions of Law no later than the date of the Pretrial Conference on a 3.5 diskette or CD-ROM formatted in WordPerfect.  The Parties shall also provide the Court with memoranda of law concerning any unique issues of law or fact involved in their case</u>.

      9. The following instructions will govern voir dire:

      (a) The Court will conduct the general questioning of the jury following, in large part, the Federal Judicial Center's suggested questions.  If counsel have proposed voir dire questions, they must be submitted to the Court at least one (1) full working day prior to the start of the Trial.  Counsel may be permitted to ask questions of prospective jurors during the jury selection process at the discretion of the Court.

      (b) Counsel are instructed to excuse any juror the earliest possible opportunity.  There will be no "striking back" allowed.  For example, if you strike jurors numbered 2, 4, 6, and 8, the Court assumes you have accepted jurors numbered 1, 3, 5, 7, 9, 10, 11, and 12.

      (c) Each Party shall have the number of challenges provided by 28 U.S.C. § 1870, unless determined otherwise at the pretrial conference.

      10. All Parties are to premark the exhibits they intend to introduce with

Exhibit Stickers, these stickers must bear the case number.  Also, the Exhibit numbers must conform to the pretrial exhibit list.  Further, any portions of depositions to be used at trial should be premarked and identified.  <u>Except for impeachment purposes, only the exhibits individually listed in the Pretrial Stipulation or Unilateral Pretrial Catalog shall be permitted for use at trial. Designating general categories of documents or other materials as exhibits (i.e. "All correspondence between the parties") is insufficient.  Any objection to an exhibit and the reason for the objection must be filed in writing by Noon on the Friday prior to the Pretrial Conference or it shall be deemed waived.</u>

    11. Do not advise the jury in opening or closing statement that it may ask to have testimony "read back," as the Court ordinarily does not allow courtroom testimony to be repeated by the court reporter.

    12. Do not request the court reporter to read back testimony without prior permission of the Court.

    13. Counsel are reminded of Local Rule 11.1E which states, in pertinent part, as follows:

> Before, during, and after trial, a lawyer should avoid conversing or otherwise communicating with a juror on any subject, whether pertaining to the case or not.  Provided, however, after the jury has been discharged, upon application in writing and for good cause shown, the Court may allow counsel to interview jurors to determine whether their verdict is subject to legal challenge.  In this event, the Court shall enter an Order limiting the time, place, and circumstances under which the interviews shall be conducted.

S.D. Fla. L.R. 11.1E; <u>see also</u> Code of Professional Responsibility DR 7-108(D) and EC 7-29.

    14.  The Court's trial days routinely run past five o'clock in the evening. Parties are instructed to have their witnesses present at the courthouse, available to testify when called.

    15. The Parties remain under a continuing obligation to inform the Court of any settlement in the case.

    16. Any Stipulation entered into by the Parties shall be in writing and signed by all Parties, corporate representatives <u>and</u> counsel.

    17. If a case is settled, counsel are directed to inform the Court promptly at (954) 769-5480 and to submit an appropriate Stipulation Of Dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(1).  Such a Stipulation must be filed within ten (10) calendar days of notification of the Court.

    18. If a <u>Daubert</u> hearing is required, counsel are directed to inform the Court at least fourteen (14) days prior to the Pre-Trial Conference.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    20th     day of September, 2010.

                                                      WILLIAM J. ZLOCH
                                                    United States District Judge

Copies furnished:
All Counsel of Record